## WILLIAMS v. SMITH.

A mandamus will not lie to compel a sheriff to make a deed of land to a purchaser at execution sale, who refuses to pay the purchase money, on the ground that he is entitled to it as oldest judgment and execution creditor; especially when there is an unsettled contest as to the priority of his lien.

APPEAL from the District Court of the Seventh Judicial District, County of Contra Costa.

This was an application for a mandamus to compel Smith, the sheriff, to make a deed for land bought by the petitioner, Williams, at an execution sale, under three executions issued on three judgments, one in favor of Williams, another in favor of one Hook, and the third in favor of one Swain; the petitioner having tendered the sheriff his fees but demanding that the purchase money should be credited on his judgment. On the trial of the right of the petitioner to the writ before the Court, it appeared that there was a question whether the lien of petitioner's judgment was prior to the attachments of the two other judgment creditors, which the Court decided in favor of the petitioner, and gave judgment that the mandamus issue to the sheriff, who appealed.

*H. Mills*, for Appellant.

*J. F. Williams*, Respondent.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Justice TERRY concurred.

A mandamus will not lie against a sheriff to compel him to make a

deed of land to a purchaser at execution sale who refuses to pay the purchase money for the reason that he is the oldest judgment and execution creditor and entitled to the money; especially when there is an unsettled contest as to the question of lien.

The principle involved here was settled in the case of The People *ex rel.* Kohler *v.* Hays, decided at the January Term, 1855, (5 Cal. R.)

Judgment reversed.