### ACKERMAN v. DESHA COUNTY.

MANDAMUS—*When will not lie.*—Where the duty imposed by law upon an officer has, from some cause or other, become impossible to be performed, *mandamus* will not lie.

### PETITION FOR MANDAMUS.

*T. D. W. Yonley*, for Petitioner.
*Pindalls*, for Respondent.

*Mandamus* is an extraordinary remedy, and to entitle a party to this remedy, he must show a clear right in himself, and *a corresponding obligation on the part of the officer*, for if the right or the obligation be doubtful, the court will not interfere by this process: *Asbury vs. Beavers*, 6 *Texas*, 473. Same principle, *State ex. rc. vs. Jacobus*, 2 *Dutcher's (N. J.) R.*, 135. *Draper vs. Notewear*, 7 *Cal.*, 279, *was refused because of a casus omissus in the law.* In *Rawle vs. Colley Tp.*, 29 *Penn. S. R.* 121: Held *mandamus* will not be granted when it is not an effectual remedy. Nor, if when granted, it would be nugatory in accordance with the maxim, *lex non cogit inutilia.* *Com'r vs. Comr. A. Co.*, 20 *Md.*, 461.

GREGG, J.—On the 17th day of May, 1870, Ackerman filed in the court his petition for a *mandamus* against the justices composing the County Court of Desha County.

He alleged that he was the holder and owner of certain levee bonds issued by said county, under the acts of the Legislature of the 16th of February, 1859, and 15th of January, 1861, and the 8th of April, 1869, against levee districts No. 5, 6 and 7, and to be paid out of taxes to be collected therefrom; that said bonds were issued in lieu of certain scrip which had been issued by levee inspectors of said districts; that, by the act of April 8th, 1869, the County Court of said county was required to hold certain terms, and to levy a tax on the respective districts to pay the levee bonds issued under said acts; that he had presented his bonds for payment, and had caused them

to be registered according to the provisions of said last act; but that the County Court had refused to pass upon his rights, and utterly neglected and refused to levy any tax whatever for the payment of said bonds.

To this petition, the justices of the County Court answered, in which they admit that under the acts first referred to there were levee districts laid off, of which there were districts numbered 5, 6 and 7; that selectmen and levee inspectors were appointed; levee work was done and certificates issued; that in some districts the lands, subject to taxation, were selected and reported, etc., and taxes collected for one or two years; that a proper record book was kept, in which were recorded the orders and proceedings of the court in reference to levees, including the description of the districts and the lands included, the reports of assessments, etc., warrants issued, etc., the sums collected, etc., and the same was kept nowhere else, and that in 1865 said book was destroyed by a detachment of Confederate soldiers, and that in 1863, the office of the clerk of said county was forcibly broken open by some United States soldiers, and all the original papers relating to said levee matters were destroyed, and that there now remains no evidence or records upon which respondents could levy the tax as prayed for by the petitioner; that the county of Desha is not liable for such taxes; that they can be assessed and collected only from particular lands, in particular districts, in unequal proportions, and by a standard of valuation, fixed upon the benefits derived from the levees by each particular tract of land, and that the respondents have no information or knowledge of the lands so selected, nor of the valuation at which they were assessed, nor of the proportion of such indebtedness to which they were subject, and they cannot obtain such information or knowledge; that the magnitude of the indebtedness renders it impossible that the taxes should pay any considerable portion of the interest of the bonds issued, etc., etc.

The cause has been submitted upon this petition and an-

swer, and upon the question whether *mandamus* will issue upon the facts stated in the bill and answer. This proposition seems not difficult. If, as stated in the answer, the officers composing the County Court of said county had no knowledge or information, and no means by which they could find what lands composed the respective districts, or the extent of the benefits derived by the levees to any particular tract of land, or the amounts assessed against such tracts respectively, it was not possible for them to assess a tax against the lands according to the provisions of the law; and if the petitioner would force a levy, he should aver and show that they had or could acquire such information, or else he should, by some means, designate the particular lands liable to such assessments, because it is clear that a *mandamus* will not lie against an officer requiring him to do what he cannot possibly perform: *Tapping on Mandamus*, 15; 12 *Barb.* 220, *and Ib.*, 617.

Be the applicant's means of redress what it may, it is evident he has not shown facts which authorize a *mandamus*. The question of jurisdiction, and others argued, need not be discussed.

The writ is refused.