State, *ex rel.* Oliver *et al., v.* Grubb, Trustee.

---

| 85 | 213 |
|-----|-----|
| 127 | 459 |
| 85 | 213 |
| 140 | 421 |

No. 9756.

### STATE, EX REL. OLIVER ET AL., *v.* GRUBB, TRUSTEE.

PUBLIC SCHOOLS.— *Township Trustee.*— *Colored Children.*— *Enumeration.*— *Mandate.*—The township trustee will not be required by mandate to establish separate schools for colored children, unless it is shown to be practicable; nor will he, unless such separate school be practicable, be required by mandate to make separate lists of such children, as provided by section 4472, R. S. 1881.

State, *ex rel.* Oliver *et al., v.* Grubb, Trustee.

MANDATE. – *Public Officer.*—A public officer will not be compelled by mandate to do an act at the instance of a relator who does not show that he has an interest in the act sought to be coerced.

SAME.—*Practice.*—The alternative writ of mandate to compel two or more acts, if not sufficient as to all, is bad on demurrer.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter,* for appellants.

*E. C. Snyder,* for appellee.

FRANKLIN, C.—This was a proceeding by mandate, on the part of appellants against appellee, to compel appellee to list the colored children in his township, of the proper ages, to attend free schools, in a separate list from that of the white children, and to organize separate schools for the education of the colored children.

An alternative writ was issued against the appellee. He appeared and filed a demurrer to the writ. Appellants then moved for a peremptory writ of mandate to issue. The court overruled appellants' motion, and sustained appellee's demurrer. Appellants refused to plead over, stood upon the rulings upon the demurrer and motion, and judgment was rendered for appellee for costs.

Appellants appealed and have assigned for error the foregoing rulings of the court.

There is but one question presented, and that is, as to whether the complaint and writ state sufficient facts to constitute a cause of action?

The complaint and writ aver that appellants are citizens, residents, taxpayers, and patrons of the public schools in Union School Township, in the county of Montgomery and State of Indiana; that said Joseph Grubb, appellee, is the school trustee thereof, in which capacity he has acted for the two years last past; that, during the time the said Grubb has been such trustee of said township, there has resided in said township a large number of colored children, giving the names of six, and averring that there are others whose names are unknown to appellants; that said colored children are

negroes, and are of lawful and proper ages to attend the schools, being between six and twenty-one years of age respectively, and do not reside in any incorporated city or town in said township; that said colored children have not been organized into separate schools as provided by law; that no separate schools have been provided for said children by said defendant or any other officer or person, and said children are now without any separate school for colored children; that said defendant during said time has omitted, failed, neglected and refused to enumerate the said colored children in separate and distinct lists from those in which other school children are enumerated, according to law, and during said time has wholly omitted, failed, neglected and refused to organize said colored children into separate schools, having all the rights and privileges of other schools in said township, as required by law.   Wherefore, etc.

To allay the general irritation in the community upon the subject of mixed schools, our Legislature has wisely provided for separate schools for the colored children.   The third section of the act of May 13th, 1869, 1 R. S. 1876, p. 779, provides that " The trustee * * *shall* organize the colored children into separate schools, * * *Provided,* There are not a sufficient number within attending distance, the several districts may be consolidated and form one district.   But if there are not a sufficient number within reasonable distance to be thus consolidated, the trustee or trustees shall provide such other means of education for said children as shall use their proportion, according to numbers, of school revenue to the best advantage."

This section was amended by the act of 1877, which amendment reads as follows:

" The trustee * *  of such township * * *may* organize the colored children into separate schools * * *Provided,* That in case there may not be provided separate schools for the colored children, then such colored children shall be allowed to attend the public schools with white children," etc.

In the case of *Cory* v. *Carter,* 48 Ind. 327 (17 Am. R. 738),

it was held that the act of 1869, providing for separate schools for the colored children, did not in any particular infringe upon the provisions of the constitution of the United States or of the State of Indiana, and that the same was constitutional and valid.

By the provisions of that act, if there were a sufficient number of colored children for a school, within attending distance, it was compulsory upon the trustee to organize them into a separate school; or, if the districts could be so consolidated as to make a sufficient number within attending distance, it was equally his duty to so consolidate them and organize them into a separate school. If neither could be done, this act made no provision for mixed schools, but left it in the discretion of the trustee to exercise his own judgment as to the manner of expending the colored children's *pro rata* share of the public school funds in their education. But the act of 1877 further provided that, if no separate schools were provided for the colored children, they should have the right to attend the schools provided for the white children; and, if any of the colored children had advanced beyond any of the grades taught in the separate schools provided for the colored children, they should be entitled to attend the schools provided for the white children, as to these higher grades. These two conditions form the only exceptions to separate schools.

It is a rule of law that, where the public good requires it, the word "may" will be construed to mean shall, and that, where the permissive form has been used, and there has been an incorrect exercise or abuse of the discretion, courts will review such exercise of discretionary powers, and compel a correct discharge of the duties imposed. *State, ex rel.,* v. *Board, etc.,* 2 Pinney (Wis.) 552; *State, ex rel.,* v. *Hastings,* 10 Wis. 518.

But whether the provisions of the amending act of 1877 be permissive or compulsory, there is nothing in this writ or complaint showing that there existed such a state of facts as makes it obligatory on the trustee to act, or even proper that he should act. For aught that appears, the trustee may have

State, *ex rel.* Oliver *et al.*, *v.* Grubb, Trustee.

failed to act on account of the impossibility of organizing a separate school convenient for the attendance of a sufficient number of colored children to render it practicable.

The averments in the writ should show that the thing asked can be done, that its performance is not impossible, and that the relators have a clear right to the granting of the writ. High's Extraordinary Remedies, section 32; *Ackerman* v. *Desha County,* 27 Ark. 457.

Six or more colored children scattered all over the township, without a sufficient number to constitute a school within attending distance in any one neighborhood, would certainly not authorize the interposition of the courts to compel the organization of a separate school for their education.

To warrant a court in granting a writ of mandamus against a public officer, such a state of facts must exist as to show that the relator has a clear right to the performance of the thing demanded, and that a corresponding duty rests upon the officer to perform that particular thing. And where substantial doubt exists as to the duty whose performance it is sought to coerce, or as to the right or power of the officer to perform the duty, the relief will be withheld. So the fact that there are such difficulties in the way of performing the duty in question as to render the writ nugatory, if granted, is a sufficient objection to the exercise of the jurisdiction. High's Extraordinary Remedies, section 32; *Johnson* v. *Lucas,* 30 Tenn. 305; *Houston, etc., R. R. Co.* v. *Randolph,* 24 Tex. 317; *Williams* v. *Smith,* 6 Cal. 91; *People* v. *Forquer,* Breese, 104; *State* v. *Lehre,* 7 Rich. 234. "And it may be stated as a general principle, that mandamus will not lie to compel action upon the part of public officers, where it is apparent that the relator has no direct interest in the action sought to be coerced, and that no benefit can accrue to him from its performance." High's Extraordinary Remedies, section 33. *State, ex rel.,* v. *Commissioners, etc.,* 4 Kan. 261.

In the case under consideration, there is no averment that the colored children were or had been attending the schools

organized for the white children, or any other averment show-ing in any manner any direct interest in appellants to have the colored children enumerated in separate lists, or separate schools organized for their education.

It is further insisted by appellants' counsel that the trustee was bound to enumerate the colored children in each district in separate lists, which he failed and refused to do ; and that, although he might not be bound to organize separate schools for them, the duty of making the said enumeration was im-perative, and hence, as to this matter, the writ should have been sustained and enforced.

The writ required the trustee not only to enumerate the colored children in separate lists, but also to organize them into separate schools.   The trustee was required to obey the whole writ or show cause why he should not do so.   He was not at liberty to execute or perform a part of the writ and dis-regard the other part.   The writ was either good or bad as an entirety.   If appellants had asked leave to amend the alterna-tive writ, and had modified it so as only to require the enumer-ation, that question then might alone have been presented.

The duty of enumerating the colored children in each dis-trict in separate lists is preliminary to organizing separate schools for them, and there is no necessity for the performance of that duty until there are colored children enough in some district or neighborhood, within attending distance, to con-stitute a separate school, and, until that is made to appear, no harm is done by not enumerating the colored children of each district in separate lists.

Under the provisions of the second section of said act of 1869, the general enumeration of all the children in each dis-trict, without regard to race or color, designating which are colored, until the necessity for separate schools exists, and they can be practically established, is sufficient for all needful purposes.   We see no wrong in not enumerating the colored children in separate lists.   The law does not require an un-necessarily premature enforcement of a duty.

We do not think the complaint and alternative writ contained facts sufficient to constitute a cause of action, and that there was no error in the overruling of the motion for a peremptory writ, and the sustaining of the demurrer to the alternative writ.   The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.