## Hugh Repp, Appellee, v. A. V. Becker and Industrial Commission of the State of Illinois, Appellants.

### Gen. No. 29,834.

1. MANDAMUS—*when mandamus to restore records improperly issued for want of proof.* Mandamus was improperly issued against the Industrial Commission, requiring it to restore an alleged record showing a prior finding and award in favor of the petitioner, where it appeared that a hearing was had before the arbitrator, on petitioner's application, that the arbitrator subsequently drafted an award awarding weekly payment, and also "some amount for compensation," a copy of which award, signed by such arbitrator, was filed with the Commission and a copy mailed to the respective attorneys, and that thereafter the arbitrator immediately telephoned both attorneys that there had been an error in the award and requested a return of the mailed copies, and said copies were

immediately returned and the arbitrator destroyed the award and all copies thereof and the evidence shows that no record was kept of the destroyed award and that the Commission has no record book or paper from which a copy of such award can be made or issued and there is nothing showing what it contained except a purported copy of a copy of it, so that no true and certain restoration can be made.

2. MANDAMUS—*remedy before Industrial Commission by review as bar to mandamus.* It was error to issue a peremptory writ of mandamus directing the Industrial Commission to restore a record of a prior purported award in a pending proceeding where the purported award was recalled and destroyed by the arbitrator and a new award made for review of which a petition has been filed and is pending and the petitioner's rights are fully protected thereunder and by the provisions of the Compensation Act, sec. 19, clauses b, e and f, Cahill's St. 1923, ch. 48, ¶ 219.

3. MANDAMUS—*injury to rights of third person as grounds for denying mandamus to restore record of award.* Where an employer failed to file a petition for a review of an alleged first award by the arbitrator in compensation proceedings, because such award was at once withdrawn by the arbitrator as erroneous and a new award made, and where the issuance of a mandamus to restore the old award would have injuriously affected the rights of the employer because it was debarred from having a review of the first award under clause b of section 19 of the Compensation Act, Cahill's St. 1923, ch. 48, ¶ 219, without fault or negligence on its part, the writ requiring the restoration of the first award was held improperly issued.

4. MANDAMUS—*injury to third person as grounds for denying writ.* A mandamus will not be issued when the rights of third persons will be injuriously affected.

5. MANDAMUS—*clear right in petitioner as requisite to issuance of writ.* A clear right to the writ of mandamus must be shown before the writ can properly be issued.

Appeal by defendants from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed. Opinion filed July 14, 1925.

JOHN A. BLOOMINGSTON, for appellants.

STOUGH, HARRINGTON, CAROLAN & LOY, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This appeal is prosecuted to reverse an order of the circuit court of Cook county, entered June 16, 1924, wherein the court directed that a peremptory writ of mandamus issue against the respondents, commanding them, among other things, "to forthwith correct, replace and restore the record of said Industrial Commission, in the matter of the application for adjustment of claim of Hugh Repp, petitioner, v. William C. Meneely Co., respondent, No. 58186, so that said record shall show the decisions and awards and the proceedings and things done and had by said Commission and the arbitrators thereof," and "to cause to be shown upon a proper docket or register that A. V. Becker heard the matter of the application for adjustment of said claim * * * on October 29, 1923, and that on November 15, 1923, he made a finding and decision in said matter, * * * filed with the Commission on November 15, 1923"; that respondents "forthwith prepare and make up a finding, decision and award, * * * in lieu of the finding, decision and award which has been removed from the files or destroyed, * * * on blanks of the Commission used for that purpose, which, when completed shall be in words and figures as the court has heretofore in this order found said decision and award to have been when it was heretofore made and filed with the Commission on November 15, 1923"; that "respondent, A. V. Becker, shall sign said finding, decision and award * * * and the Commission shall file the same with the Commission *nunc pro tunc* November 15, 1923"; that said finding, decision and award "shall become and be the decision and award of said Commission"; and that "the purported decision made by the respondent, A. V. Becker, dated November 20, 1923, and filed with said Commission, and all records of said purported decision and all petitions for review filed thereto, and all proceedings and things done and had in the matter of said purported decision be canceled, annuled and voided."

The petition for mandamus was filed on February 1, 1924. The respondents filed an answer to which petitioner replied. In the answer respondents stated in substance that the writ should not issue because (1) "the alleged decision and award of November 15, 1923, referred to in the petition, was not the decision of the Industrial Commission of Illinois"; (2) there is no record of said decision and award upon the books or records of the Commission from which to restore any record as prayed; (3) petitioner has an adequate remedy, exclusive of mandamus, because he has filed with the Commission a petition for review of the decision and award of November 20, 1923, and has complied with all the requirements of the Compensation Act with reference to obtaining such a review; (4) petitioner is estopped from claiming any rights under the alleged award of November 15, and has waived his rights therein because of the filing of said petition for review of the said decision and award of November 20; and (5) the rights of a third party, to wit, the Meneely Company, will be affected in the event the alleged award of November 15 is held to be the award of the Commission, and said company will be obliged to pay to petitioner a large sum of money without any right of review, said company having acted upon the award of the Commission of November 20, and not having petitioned for a review of the alleged award of November 15. Petitioner, in replication to said statement (2) above, states "there is a record upon the books and records of the Commission from which to restore the records as prayed * ·* * *unless* such records have been erased or removed by said defendants," and, in replication to said statement (5) above, "admits that the rights of third persons are or may be affected by the mandamus as prayed for by the said plaintiff but says that no third person or anyone else would be deprived of any *just* rights because of the issuance of said writ as prayed."

On the hearing A. V. Becker, the arbitrator in the matter of Repp's application before the Commission, and James A. Tracy, attorney for the Meneely Company, testified, and certain documentary evidence was introduced. The following facts appear:

Repp, by occupation a day laborer and a resident of Wabash, Indiana, was employed by the Meneely Company, an Indiana corporation, and, while working for it on May 15, 1922, at Staley, Illinois, suffered an injury to his left hand by reason of the second finger of that hand being caught between a belt and roller. He filed an application with the Commission, under the provisions of the Illinois Workmen's Compensation Act, for adjustment of his claim for said injuries, and on September 22, 1923, filed an amended application. He claimed that as a result of the accident he was temporarily incapacitated for work for six weeks and further suffered and would suffer the loss of the use of his left arm for many weeks. On October 29, 1923, at Champaign, Illinois, there was a hearing before said Becker, as arbitrator, at which the Meneely Company appeared and defended. Subsequently an award was drafted by Becker, not only awarding Repp $12.60 per week for 5 2/7 weeks, but also *some* amount for *compensation* for the loss of the use of his left arm. An alleged "copy of a copy" of said award, dated November 15, signed by the arbitrator and filed with the Commission, is attached to the mandamus petition, wherein it is stated among other things:

"That petitioner is now entitled to have and receive from said respondent the sum of $12.60 per week for a period of 5 2/7 weeks, that being the period of the temporary total incapacity for work, for which compensation is payable.

"That petitioner is entitled to additional compensation of $12.60 for a period of 200 weeks, for the loss of the use of his left arm, which resulted from said injury; that said petitioner is now entitled to have and receive from the respondent the sum of $907.20,

being the amount of compensation that has accrued from June 22, 1922, to November 9, 1923, and the further sum of $12.60 each week thereafter for the remaining period of said 200 weeks."

It further appears from uncontradicted testimony that on the hearing of Repp's claim before the arbitrator it was agreed that a Dr. Mitchell (appointed by the Commission) should examine Repp and his report should be filed with the arbitrator and *considered as evidence;* that after the hearing at Champaign the arbitrator came to Chicago, and, before receiving said doctor's report, drafted an award and caused it to be filed with the Commission, and a copy mailed to the respective attorneys on November 16; that in said award *some* amount for *compensation* was allowed Repp; that on the same afternoon Dr. Mitchell presented his report to the arbitrator which the latter considered (what the doctor's report was is not shown); that the arbitrator immediately telephoned both attorneys, stating that there had been an error in the award and requested that the copies mailed be returned; that both attorneys immediately returned the copies; that the arbitrator destroyed them as well as the original award and all other copies; that thereafter on November 20 he made a new award and caused copies thereof to be mailed to said attorneys, as well as notices of its filing with the Commission and as to the time within which a petition for review might be filed; and that the new award did not allow any compensation to Repp. This new award was introduced in evidence. It is substantially the same as the alleged award of November 15, attached to the mandamus petition, except that the clause awarding additional compensation to Repp is not there, and in its stead is the following:

"That petitioner is not entitled to any additional compensation for the reason that there is no organic or pathological involvement of the left arm or hand

which can be associated with the injury sustained on May 15, 1922.''

It further appears that the Meneely Company never filed with the Commission any petition for review of the alleged first award of November 15; that on December 8, and again on December 11, Repp filed with the Commission petitions for a review of the second award of November 20, and on December 14 filed an amended petition for such review; that said amended petition was set for hearing by the Commission but was continued to await the outcome of the present mandamus proceeding; and that said petition for review *is still pending before the Commission.* Becker, the arbitrator, who was served with a subpœna issued by Repp to bring in the records of case No. 58186, and particularly the record of the award of November 15, testified that there was no record of it; that he did not have the original award or a copy of it; and that there is no record, book or paper in the possession of the Commission from which a copy of said award can be made or issued. A photographic copy of a page of a book of the Commission, known as No. 39 Arbitration Docket, was introduced by petitioner. It is a page containing a record of the actions taken in the Repp case before the Commission. Under the heading of ''orders entered'' there is evidence of something having been erased. Under the heading ''award on arbitration'' is the following written in ink: ''$12.60 per wk. 5-2/7 wks; not entitled to further compensation.'' Petitioner did not prove that the *alleged* first award of November 15, as attached to his mandamus petition, was the award of said arbitrator, or that said award was filed with the Commission, yet the court found that said award, as so *alleged,* was the finding and decision of the arbitrator, and was duly filed with the Commission, and the court commanded that respondents should make an award in accordance with said *alleged* award of November 15.

After reviewing the present record we are of the opinion that the order granting the writ of mandamus should be reversed, *first,* because it does not sufficiently appear that there is any record, copy or memorandum of the alleged award of November 15 from which it is possible to make a true and certain restoration thereof (*Ackerman v. Desha County,* 27 Ark. 457, 459; *Rice v. Walker,* 44 Iowa 458, 462; *Ex parte Morgan,* 114 U. S. 174, 175); *second,* because a petition filed by Repp for review of the second award is pending and undisposed of before the Commission and the rights of Repp can be fully protected under said petition and the statutes applicable thereto (see section 19, Compensation Act, clauses b, e and f, Cahill's Stat. 1923, ch. 48, ¶ 219); *third,* because the rights of the Meneely Company will be injuriously and inequitably affected. It filed no petition for the review of the alleged award of November 15. It had no opportunity to do so, for, when its attorney received notice that an award had been made and filed, he also received on the same day the further notice that such award was erroneous and had been withdrawn and that a new award would be made, which was filed on November 20, and which was in favor of the Meneely Company. The writ commands respondents to enter an award in favor of Repp, *nunc pro tunc* as of November 15, 1923, in an amount and in the form as it is *alleged* (but not proved) to have been made. As the Meneely Company filed no petition for review of the alleged award of November 15, the issuance of the writ injuriously and inequitably affects it, in that it will be foreclosed, under clause b of section 19 of the Compensation Act, from having a review of said first award before the Commission, and this without any fault or negligence on its part. "The method of review provided by section 19 is exclusive." (*St. Louis Pressed Steel Co. v. Sehorr,* 303 Ill. 476, 478.) And it is generally the law that a mandamus will not be issued when the

rights of third persons will be injuriously affected. (26 Cyc. 149; *People v. City of Bloomington,* 38 Ill. App. 125.) Furthermore, petitioner has not shown that he has a clear right to the writ and such a showing must be made before the writ can properly be issued. (26 Cyc. 151; *People v. Johnson,* 100 Ill. 537; *Reddick v. People,* 82 Ill. App. 85, 92; *People v. Blocki,* 203 Ill. 363, 374.)

For the reasons indicated the order of the circuit court entered June 16, 1924, awarding said writ of mandamus is reversed.

*Reversed.*

BARNES, P. J., and FITCH, J., concur.