DIERKS & SONS LUMBER CO., RESPONDENT, v. HENRY B. TAYLOR, APPELLANT.—46 S. W. (2d) 244.

Kansas City Court of Appeals.   January 11, 1932.

*Geo. K. Brasher, G. W. Duvall, Lathrop, Crane, Reynolds, Sawyer & Mersereau, Jay L. Oldham* and *Omar E. Robinson* for respondent.

*William B. Dickinson* and *Martin B. Dickinson* for appellant.

ARNOLD, J.—This is an appeal from the action of the circuit court of Jackson county, Missouri, overruling defendant's motions for new trial and in arrest of judgment, resulting from the court's order sustaining plaintiff's motion to direct the sheriff to collect and distribute the proceeds of a sale under an execution. As the order of the court of which complaint is made was based upon a motion of plaintiff, the record is limited in its scope, but more or less complicated. We gather therefrom that defendant, Henry B. Taylor, built a dwelling house on Lot 76, Westmoreland Place, an addition to Kansas City, Jackson county, Missouri, in the construction of which one William R. Jewell, Jr., was the contractor. The sustained motion which is the basis of this appeal was filed in the circuit court of Jackson county on November 5, 1930, and asks an order requiring the sheriff of said county to collect from defendant Taylor the sum of $7,951, and to distribute the same to plaintiff Dierks & Sons Lumber Company and other movants, all respondents herein.

As grounds for the motion it was stated that Dierks & Sons Lumber Company, had recovered a judgment in the case in the circuit court in which this proceeding was brought, against William R. Jewell, Jr., the contractor, for $1731.23, on December 14, 1925; that respondents John H. Taylor and Claude E. Sowers, copartners, Timmons Wall Paper Co., a corporation, and Calhoun Mantel & Tile Co., a corporation, had obtained judgments before sundry justices of the peace, at various times between November 13, 1923, and February 2, 1925, in the total sum of $898.61; that no appeals had been taken from said judgments and that they had long since ripened into final judgments; that respondents C. A. Brockett Cement Company, a corporation, and T. H. Blake and J. H. Blake, co-partners, had each recovered judgments against the contractor Jewell, before a justice of the peace, on December 4, 1923; and December 14, 1923, respectively, in the aggregate sum of $247.45; and that appeals had been duly taken therein by defendant Taylor; that the same were pending. The total liens thus alleged amounted to $2877.06, interest and costs.

The motion alleged that said judgments were each declared to be mechanics liens against said property; that Dierks & Sons Lumber Co., during the May term (1930) of the circuit court, had sued out a general and special execution on its judgment, returnable to the September term, following; that the sheriff, notwithstanding diligent effort, had not been able to collect any part of said judgment from Jewell, the contractor; that prior to the beginning of the said September term, the sheriff had levied upon the property referred to; that notice of sale was duly published, and sale was held November 3, 1930; that after many bids the property was declared sold to Henry B. Taylor, defendant herein, for $7951; that immediately thereafter, and before any money had been paid into the hands of the sheriff, and before the sheriff had prepared, executed, acknowledged or delivered any deed evincing said sale, the respective respondents each served separate written demand upon the sheriff, "pursuant to the provisions of Section 7239, Revised Statutes 1919, demanding and requiring said sheriff to pay out and distribute the proceeds of said sale in accordance with the provisions of said section," and "demanding and requiring said sheriff to pay the amount of the respective judgments, and the amount of the respective liens" to the various respondents; that the sheriff, in defiance of the statute and the rights of plaintiff and the other movants, had failed, neglected and refused to require defendant Taylor to pay over the $7951, and had wholly failed, neglected and refused to collect the proceeds of said sale, and to distribute the proceeds thereof to said plaintiff, Dierks & Sons Lumber Company, and to the other respondents, in conformity with said section. The motion prayed for an order embracing the following requirements at the hands of the sheriff:

(1) Collect from defendant Taylor the sum of $7951, requiring said defendant to pay said sum into the hands of the sheriff of Jackson county, Missouri, and (2) for an order directing said sheriff to pay plaintiff Dierks & Sons Lumber Company and movants Calhoun Mantel & Tile Company, Timmons Wall Paper Company, John H Taylor and Claude E. Sowers, co-partners, and Seufert Bros. Hardware Company, the respective amounts due them on their judgments; and (3) for an order requiring said sheriff to retain in his possession, subject to further orders of the court, an amount sufficient to fully pay off and discharge any final judgment that may be rendered, sustaining a lien against said property in favor of C. A. Brockett Cement Company and Blake Sheet Metal Works, which may be finally rendered in said lien actions now pending, and (4) for an order directing and instructing said sheriff not to prepare, execute, acknowledge or deliver any deed, conveying said property to the de-

fendant, or to any other person for him, or upon his order, until said sum of $7951 has been so paid into the hands of the sheriff.

The record discloses the motion was without verification, and was served on the sheriff and on the defendant's attorney, on November 5, 1930. There was no counter motion or other pleading filed by defendant. On November 7, 1930, all parties appeared. No testimony was offered but arguments were heard on the motion. The court entered a somewhat lengthy order sustaining the motion, therein commanding defendant to pay into the hands of the sheriff $7951, the amount of his bid, in lawful money by ten A. M. on Saturday, November 8, 1930; and directing the sheriff to obtain from defendant said sum, and upon such payment before said time, to execute, acknowledge and deliver a deed conveying the property in question as provided by law, to defendant Henry B. Taylor, and further directing the sheriff to pay said sum to the clerk, subject to further orders of the court; that if said sum was not paid as provided in the order, by said Henry B. Taylor, defendant, by said time, then, upon the payment of $7950 to the sheriff by William A. Calhoun, stated in said order to have been the next highest bidder at said sale, by twelve o'clock noon of said day, the sheriff should deed the property to said Calhoun and pay over the said money to the clerk, subject to further orders of the court; and it was further ordered that the sheriff should not execute any deed conveying the property to either Henry B. Taylor or William A. Calhoun, unless the money therefor provided in said order had been paid.

Defendant offered to tender into court the sum of $2469.46, the amount of the claim of Dierks & Sons Lumber Company, with interest and costs, in satisfaction of its execution. The court refused to permit the sheriff to accept the tender.

Defendant excepted to the order of the court, stating as reasons therefor, that the court had no jurisdiction over respondents other than Dierks & Sons Lumber Company, and was without jurisdiction to make the order; that there was no evidence before the court to support and/or sustain the order; that there were no facts in evidence on which said order could be lawfully made; that respondents, other than Dierks & Sons Lumber Company, had no valid liens against defendant's property; that before the order was made, defendant asked the court to permit him to pay the execution and costs; that defendant tendered into court the amount of the execution and costs and this tender was refused; that defendant thereupon requested that the sheriff return the execution fully satisfied, without making a deed to the property; that the order disregarded defendant's right to pay the execution and costs; that defendant had directed the sheriff to apply his money to the extent of $2469.46, in

payment of the amount demanded on the execution and all costs, which amount was less than the amount paid the sheriff and now held by him of defendant's money; that the other respondents had no right to join Dierks & Sons Lumber Company in said motion; that said other respondents had no legal claim or judgment against defendant's property; that said motion did not state facts sufficient to constitute a cause of action against defendant, or sufficient to sustain the order; that no facts were in evidence sufficient to sustain the order; that the property was never sold by the sheriff to said William A. Calhoun; that there had been and were other bidders interested, able and willing to bid for the purchase of said property; that the motion shows on its face that all the respondents together did not assert claims or liens against the property in excess of $4300; that all the respondents together did not assert any claim of interest in said property, or in the proceeds of the sale above $4300; and that the order requiring defendant to pay $7951, was arbitrary, unreasonable and unjust.

Motions for a new trial and in arrest of judgment were overruled and this appeal followed.

There are presented eleven assignments of error which are discussed in four headings under defendant's points and authorities. The first charge of error is there was no evidence to sustain the order and it is pointed out the bill of exceptions recites the court's order states: "No evidence or testimony having been offered or heard." It is argued there were no facts before the court when it made its order save, perhaps, that Dierks & Sons Lumber Company had a judgment in the court in which the order was promulgated. It is urged respondents' motion was not verified and it was not, therefore, a pleading upon which the court could legally base its order; that the matter being presented by said motion, defendant, of course, had no pleading in opposition; that the motion recited nothing except the judgment in favor of Dierks & Sons Lumber Company and the issuance of an execution thereunder; that there was nothing else recited in the motion of which the court could take judicial notice; that all the other allegations and recitations contained in the motion refer to alleged judgments of inferior courts, not of record and of limited jurisdiction, and to events and happenings concerning which the court could have no judicial knowledge. In reviewing this phase of the case, we must conclude that while there was no pleading before the court on behalf of defendant, it does not appear that any recitals and allegations in that motion were admitted.

It is insisted, in this situation, the trial court erred in making the order complained of without hearing any evidence. As this question

pervades the entire case, it will be determined in the discussion of other points raised. Under point 2, appellant insists that on the face of the motion, respondents were not entitled to the relief prayed for and given in the court's order. It is argued that, as to respondent Dierks & Sons Lumber Company, according to the motion the judgment and execution called for $1731.23, with interest and costs, computed by defendant to be a total of $2469.46; that instead of asking for this amount, the motion and order directed the sheriff to collect the full amount of defendant's bid at the sale, to-wit, $7951, and this, under a writ directing the sheriff to make "debt damages and costs" (Sec. 1153, R. S. 1929).

It is pointed out in this connection that it is shown by defendant's exceptions to the order and his motion for a new trial, that defendant, in fact, had paid into the hands of the sheriff an amount in excess of the execution and costs in full. It is learned from the record that the execution upon which the motion and order were based was solely on the Dierks & Sons judgment.

There was no testimony introduced to support the motion and, as the truth of its allegations is not admitted, the judgment is not supported by any proof and must be reversed. However, as no doubt additional proceedings upon the motion of the lien claimants will be attempted, should we content ourselves with merely remanding the cause for lack of proof, we feel it proper to say there is nothing pending before the lower court upon which it may proceed. Enough appears from the record and statements of counsel to show that there has been no valid sale under the execution.

We are unable to agree with defendant, in view of the many lien claimants in this case, that, he may select, adjudicate in his own mind, and pay to the sheriff only so much of his purchasing bid at the sale as he sees fit. That is not the law. Section 1202, Revised Statutes 1929, provides:

"All property taken in execution by any officer shall be exposed to sale on the day for which it is advertised, between the hours of nine in the forenoon and five in the afternoon, publicly, by auction, for ready money, and the highest bidder shall be the purchaser."

This section does not authorize the sheriff to make a sale to anyone other than the highest bidder, nor for anything other than ready money. Section 1203, Revised Statutes 1929, provides that if the purchaser refuse to pay the amount bid and for which the property was struck off to him, the officers may resell to the highest bidder at a resale. It is the law that until the money is paid (meaning the amount of the bid) the bidder gets nothing. [Leach v. Koenig, 55 Mo. 451, 453; 23 C. J. 648, sec. 616; State ex rel. Matney v. Spencer, 79 Mo. 314, 316; 23 C. J. 753, sec. 799.] It follows that, under

the situation in this case, neither the sheriff nor the successful bidder at the execution sale could determine how much of the bid should be paid in. Here, there are many lien claimants and the validity of the liens and the distribution of the bid, had its amount been paid, would have been a matter for the court to determine under the provisions of Section 3179, Revised Statutes 1929, reading as follows:

"The liens for work and labor done or things furnished, as specified in this article, shall be upon an equal footing, without reference to the date of filing the account or lien; and in all cases where a sale shall be ordered and the property sold, which may be described in any account or lien, the proceeds arising from such sale, when not sufficient to discharge in full all the liens against the same without reference to the date of filing the account or lien, shall be paid *pro rata* on the respective liens: *Provided,* such account or liens shall have been filed and suit brought as provided by this article."

[See also, Fowler v. Pearce, 7 Ark. 28; Williams v. Smith, 6 Cal. 91; Atlanta Trust Co. v. Nelms, 115 Ga. 53; Russell v. Gibbs, 5 Cow. 390; Fry v. Specht (Pa.), 1 Atl. 441.]

It is substantially admitted that defendant bid $7951 at the sale; that he was declared the purchaser; but refused to pay the amount so bid into the hands of the sheriff. Under the statute requiring a re-sale of the property, under such circumstances, it must be held there was no sale on November 3, 1930; for, until the money is paid and the deed executed, the highest bidder is entitled to nothing. Being no sale, there is nothing to distribute to anyone. The judgment is therefore reversed and the proceedings upon the motion dismissed. All concur.