No. 9224.

THE BOARD OF COMMISSIONERS OF HARRISON COUNTY *v.* BENSON.

| 83 | 469 |
| d156 | 458 |

FEES AND SALARIES.—*County Treasurer.—Delinquent Taxes.—Reclamation of Fees Paid Over by Mistake.—Statute Construed.*—Under the fee and salary

law of 1875, Acts 1875, Spec. Sess., p. 37, a county treasurer was entitled to five per centum on delinquent taxes collected, and if by mistake or otherwise he retained only one per centum, he was entitled, under sections 177 and 178 of the assessment law of 1872, and under the act of March 31st, 1879, section 5811, R. S. 1881, to an order from the county board for repayment.

STATUTORY CONSTRUCTION.—*Power Conferred on Public Officers in Permissive Terms Held Mandatory.*—The exercise of power conferred by statute on public officers, affecting the rights of individuals, may be enforced as a duty, though the language of the statute be permissive.

PRACTICE.—*Special Finding.—Evidence on Immaterial Matter.—New Trial.*— Inconsistency between the special finding of facts and the evidence in respect to an immaterial matter is not cause for a new trial.

SAME.—*Change of Venue.—Bill of Exceptions.*—Exception to an order for a change of venue must be saved by a bill of exceptions.

EVIDENCE.—*Treasurer's Settlement Sheets.*—Certified copies of a county treasurer's settlement sheets, when the contents are relevant, are competent evidence.

From the Crawford Circuit Court.

*G. W. Denbo* and *W. A. Porter,* for appellant.

*B. P. Douglass* and *S. M. Stockslager,* for appellee.

WOODS, J.—The appellee presented a claim to the board of commissioners of Harrison county, which the board rejected. In the circuit court, to which he appealed, the appellee filed an amended complaint, to which the appellant demurred for want of facts. The court overruled the demurrer, and, after a trial, resulting in a verdict for the defendant, which, on motion, the court set aside, there was a change of venue to Crawford county, where the appellee recovered a judgment. The principal question in the case arises upon the ruling on the demurrer to the complaint.

The substance of the complaint is that the plaintiff had been treasurer of Harrison county from September —, 1875, until ————, 1879, and during that time had collected and had paid over to the county and to the Treasurer of State, delinquent taxes in the aggregate sum of $18,135.78, less one per centum thereof retained, instead of five per centum, which he was entitled to retain; "that he made the over-payments

through inadvertence and mistake, and by reason of the failure of the auditor of said county, in making up his settlement sheets, * * to deduct the full percentage allowed by law," etc.

The complaint states specifically the amounts collected and paid over for the benefit of each particular fund, and the amount thereof paid over to the Treasurer of State. Under the direction of the court the jury found a special verdict, corresponding with the averments of the complaint.

The fee and salary act of March 12th, 1875, 1 R. S. 1876, p. 467, provides in its first section that the officers therein named shall receive for the services therein provided the salaries, fees and compensation allowed in the act, and none other; and, in section 14, among other things, provides that the county treasurer "shall also receive and retain out of all delinquent taxes collected, five (5) per centum," etc.

Upon the strength of these provisions counsel insist that the appellee, not having retained his full percentage, but having settled on the basis of one per centum, and having voluntarily accounted for and paid over the remainder, there is no authority in the board of commissioners to order its repayment; indeed, that such repayment is expressly forbidden by law, and, consequently, that no action for the recovery of the money so paid over can be maintained.

There are, however, other provisions of law pertinent to the subject. The 177th section of the assessment law, approved December 21st, 1872, reads: " Whenever it shall appear to the board doing county business, * * that by reason of erroneous charges on the tax duplicate, or from any other cause, the treasurer of such county has paid and accounted to said board for more money than was justly due from him on account of county revenue, said board * * shall * * order the same to be refunded from the county treasury." Section 178 of the same act provides the manner of reclaiming sums erroneously paid into the treasury of the State; and the act of March 31st, 1879, Acts 1879, p. 108, after declaring that no settlements made by the boards of commissioners with any

county, township or school officer, shall be conclusive on the State or county, provides, " That when it shall be made to appear, to the satisfaction of the board of commissioners of any county of this State, that by reason of any erroneous charges on the tax duplicate, or through inadvertence, mistake, or any other cause, any one of the above named officers has paid over .to such county, or reported, settled, or accounted for, more money to such commissioners, than was justly or equitably due, or owing from such officer, then and in such case, such board is hereby authorized to order the repayment out of the proper funds in their proper proportion," etc.

Counsel insist that, while by this enactment the board is or may be " authorized to order the repayment," the power is a discretionary one, and that from the refusal to exercise a discretionary power there can be no appeal.

Our judgment is that the power is not discretionary, but comes within the class of powers the mere grant of which imposes the duty, in a proper case, to exercise the same. Thus it has been said : " Power conferred by statute on public officers, concerning the right of third parties, may be enforced as a duty, though the language is permissive." *Hogan* v. *Devlin*, 2 Daly, 184; Sedgw. Stat. Law, p. 316, note.

There is, therefore, as we conceive, no force in the objections made to the complaint.

The jury found specially that the appellee, when he made his settlements, did not know that he was entitled to claim the five per centum. The appellee testified distinctly that he did know the statutory provision on the subject, but that the auditor refused to allow him more than one per centum. On account of this inconsistency between the evidence and the finding, a new trial is claimed.

The point, however is an immaterial one. The complaint alleges the failure of the auditor to give the proper credit; and, under the statutes quoted, that is a sufficient reason for the repayment of the money. It is, therefore, immaterial, whether the appellee knew his rights at the time or not.

The appellant objected to the admission in evidence of certified copies of the settlement sheets and reports of the appellee, because incompetent and not certified. The return to a *certiorari* shows that the documents were properly certified; and they were not incompetent. *Wells* v. *State, ex rel.*, 22 Ind. 241.

The exception to the order changing the venue was not saved by a bill of exceptions nor made a cause for new trial. The evidence sustains the verdict.

Judgment affirmed, with costs.