## BOARD OF COMMISSIONERS OF ALLEN COUNTY
### v. CHAPMAN.

[No. 2,594.   Filed Oct. 5, 1898.   Rehearing denied March 9, 1899.]

OFFICERS.—*Salaries.*—*Township Assessors.*—*Power of County Commissioners to Fix Salary.*— The board of commissioners has the power to fix the salary of a township assessor in a township containing a population of more than 25,000 and less than 75,000 for a period of one year at a time, under the provision of section 8084 Burns 1894, and the salary allowed such officer for the first year of his term will not control the board in fixing his salary for the subsequent years of his term of office.   *pp. 62-65.*

SAME.—*Salaries.*—*Accepting Less Than Amount Due.*—An officer who accepts and receipts for less than the amount of his salary provided by law may recover the remainder not so received.   *p. 63.*

SAME.—*Salaries.*—*May be Increased or Diminished.*—The salary of a public officer may be increased or diminished at any time by the law making power, unless otherwise provided by the Constitution, but such change cannot operate retrospectively.   *pp. 63-65.*

From the Allen Superior Court.   *Reversed.*

*John Morris, Robert C. Bell, James M. Barrett* and *Samuel L. Morris,* for appellant.

*Robert Lowry,* for appellee.

BLACK, J.—The appellee sued the appellant. The merits of the cause are shown by a special finding. It appears in the finding that the appellee was duly elected to the office of township assessor of Wayne township, Allen county, Indiana, being eligible thereto, on the first Monday of April, 1890; that on the 7th of August, 1890, he qualified, and entered upon the office, and discharged its duties thereafter until the 6th of August, 1895; that on the 6th of June, 1891, the board of commissioners of said county in regular session made and entered of record an order concerning the salary of the appellee as assessor of said township. In the order, which is set out in the finding, it was provided, that "the salary of the township assessor shall be the sum of thirteen hundred dollars ($1,300) per annum, for a period of one

year, viz., March 6, 1891 (the date of the passage of the act of the legislature authorizing the same) to March 6, 1892." It was shown that said board, convened in regular session, subsequently made and entered of record further orders on the same subject, as follows: on the 22nd of March, 1892, an order providing that said salary, for one year from the 7th of March, 1892, to the 7th of March, 1893, should be $1,300, payable monthly; on the 21st of March, 1893, an order that said salary for the year commencing March 6, 1893, should be $1,100; on the 20th of March, 1894, an order fixing said salary for the year commencing March 6, 1894, at $1,100 per annum; on the 6th of March, 1895, an order fixing said salary from March 6, 1895, until the end of appellee's term, at the rate of $1,100 per annum.

It was found that, in consequence of said last three orders, the county auditor had been deterred and prevented from issuing his warrants upon the county treasury, in favor of the appellee, for any greater amount of salary than the sum mentioned in said last three orders since the expiration of the first two years of appellee's service, and the appellee had never received, or been paid by said board, any greater sum than said sum of $1,100 per annum since the 6th of March, 1893; that he was fully paid his full salary and per diem from the commencement of his term up to the 6th of March, 1891, and also said sum of $1,300 for the year from March 6, 1891 to March 6, 1892, and from March 6, 1892, to March 6, 1893, and also said sum of $1,100 per annum since the last mentioned date to the time when his successor was elected and qualified, and before the commencement of this action; that his successor had become qualified and entered on the duties of the office on the 6th of August, 1895, whereby the appellee's term then ended; that on each and every occasion of the adoption of said orders providing for the change of said salary from $1,300 to $1,100, and providing that said salary should be fixed at the latter sum, the appellee opposed such change, and objected to the board

against any change being made, and to any reduction of said salary below the sum of $1,300; that the amounts received by the appellee for salary were received upon warrants, or county orders, issued by the county auditor upon the county treasurer. The finding states the names of the incumbents of the office of auditor who issued the warrants, and it was found that the appellee informed each of them, when the warrants were being issued for salary at the rate of $1,100 per year, that he did not accept the same in full payment of such salary, but that he did and would insist that he was entitled to receive payment for the time covered thereby at the rate of $1,300 per year; but, because of said last three orders of said board, said auditors refused to issue to the appellee warrants, or county orders, for any greater sum than at the rate of $1,100 per year for the period covered by such three orders; that the amount of the difference between $1,300 per annum and $1,100 per annum for the period for which he was paid only at the latter rate was $483.33. The finding contained some further statements relating to interest, which need not be set out.

The court stated as conclusions of law: (1) "That after the adoption by the board of commissioners, defendant, of its order of the 6th of June, 1891, it could not, at its pleasure, alter and change the amount of salary to be paid to said plaintiff during his term of office, and that it had no lawful power or authority to make the further orders subsequently adopted by it on the 21st of March, 1893, the 20th of March, 1894, and the 6th of March, 1895." (2) "That there is now due the plaintiff, and that he is entitled to recover of and from the defendant, as a balance of salary, the principal sum of $483.33." The appellant having excepted to the conclusions of law, the court rendered judgment for the appellee.

The case involves the consideration of the question whether or not the board of commissioners had power, under the statute relating to the compensation of township assessors, to change the appellee's salary, as indicated in the find-

ing, so as to reduce it from $1,300 .to $1,100 per annum. The statutory provision applicable here (Acts of 1891, p. 349, section 8084 Burns 1894, section 6009 Horner 1897) is, that in townships having a population of over 25,000 and less than 75,000 as shown by the last census, the township trustee and the township assessor "shall receive not less than one thousand nor more than fifteen hundred dollars per annum, which amount is to be determined by the board of county commissioners of the county in which said township is situate, and such sum shall be deemed to be payment in full for all services of whatever kind they may perform as such trustees or assessors." An officer who accepts and receipts for less than the amount of his salary provided by law may recover the remainder not so received. *Adams* v. *United States*, 20 Court of Claims 115; *Kehn* v. *State*, 93 N.Y. 291; *Harrison Co.* v. *Benson*, 83 Ind. 469. A public officer is entitled to the salary provided by law, because the law attaches the salary to the office as an incident thereof, and not by force of a contract, and the compensation of the officer, as such, may be regulated, altered, increased, or diminished by the lawmaking power at any time, unless the Constitution provide otherwise. *Gilbert* v. *Board, etc.*, 8 Blackf. 81; *Coffin* v. *State, ex rel.*, 7 Ind. 157; *Turpen* v. *Board, etc.*, 7 Ind. 172; *Wright* v. *Board, etc.*, 98 Ind. 88; *State, ex rel.*, v. *Roach*, 123 Ind. 167; *Board, etc.*, v. *Barnes*, 123 Ind. 403; *Butler* v. *State*, 10 How. U. S. 402; *Conner* v. *Mayor, etc.*, 5 N. Y. 285; *State, ex rel.*, v. *Kalb*, 50 Wis. 178, 6 N. W. 557; *Newton* v. *Commissioners*, 100 U. S. 548; *County Commissioners* v. *Jones*, 18 Minn. 199. Where one lawfully holding public office has rendered official service pertaining to the office, under a lawful regulation fixing the rate of his compensation for such service, he may claim such compensation at such rate upon principles of contract and equity, and a lawful change in such rate during his term cannot operate retrospectively. The perfected obligation to pay cannot be impaired by a change in the law, resolution, order, or ordi-

nance regulating the rate of compensation. *Butler* v. *State, supra; Fisk* v. *Jefferson Police Jury*, 116 U. S. 131, 6 Sup. Ct. 329.

The authority to fix the compensation of a public officer, unless restrained by the Constitution, may, even during the term of an incumbent, be exercised to change his future compensation. Mechem, Pub. Off. section 857. In *Commonwealth* v. *Bacon*, 6 S. & R. 322, the question being, whether a reduction by municipal ordinance of the salary of the mayor, after his term of office had commenced, was valid, it was said: "These services rendered by public officers do not, in this particular, partake of the nature of contracts, nor have they the remotest affinity thereto. As to stipulated allowance, the allowance, whether annual, *per diem*, or particular fees for particular services, depends upon the will of the lawmakers; and this whether it be the legislature of the state or a municipal body empowered to make laws for the government of a corporation." *Farwell* v. *Rockland*, 62 Me. 296, was an action to recover a balance claimed to be due the plaintiff upon his salary as police judge of Rockland, for a term of four years, from March 7, 1866. The statute establishing the police court of that city, enacted in 1861, provided that the judge should receive from the city in quarter yearly payments, at the close of each quarter, "an annual salary of such amount as the mayor and aldermen shall determine, which shall be in full of all fees pertaining to said office." In July, 1865, it was ordered by the board of aldermen that the salary of the police judge "be and hereby is established at five hundred dollars a year, instead of three hundred, as heretofore." On the 5th of March, 1866, the plaintiff was elected police judge for the term of four years, and entered upon the duties of the office. May 22, 1866, the board of aldermen ordered that the salary of the police judge be established at $300 per annum from the 1st of March, 1866. The plaintiff, having served during the term for which he was elected, taking under protest reduced salary,

sued for the difference between it and the salary as established when he took the office. It was said by the court: "The right to fix the salary of the police judge, which is given by statute to the defendants, involves the right to change by increasing or diminishing it." It was held further that, while the reduction after the plaintiff assumed the office was binding prospectively, it was not valid retrospectively, and that he could not be deprived of compensation at the prior rate for service rendered before the reduction, with interest from the time it was payable. It was held in *Knappen* v. *Barry Co. Supervisors*, 46 Mich. 22, that the fixing of a salary of a prosecuting attorney by the board of supervisors did not constitute a contract between the prosecuting attorney and the county, and that when not otherwise provided by the constitution, the legislature had ample power to authorize the board to change the salary so far as it was not already earned by the performance of services. The legislative discretionary power to determine the compensation of a public officer may be delegated by the legislature to such other authority as it may see fit to entrust it to, as to the common council of a city. *City of Wyandott* v. *Drennan,* 46 Mich. 478, 9 N. W. 500.

Whatever may be said as to the authority of the board of county commissioners to modify or revoke its determinations, there was here no attempt to exercise such power. Each of the orders of the board related to a definite period, and none of them related to a period covered by a former order. The power possessed by the legislature was, within prescribed limits, delegated to the board of commissioners, to determine what compensation should be paid to the appellee. That authority was not exhausted by the first or second exercise of it; it could be exercised at least once a year, as it was exercised by the appellant. The judgment is reversed, and the cause is remanded with instruction to state conclusions of law in accord with this opinion.