## CITY OF RUSHVILLE *v.* THOMAS.

[No. 13,310.   Filed March 8, 1929.]

*Russell B. Titsworth,* for appellant.
*John H. Kiplinger,* for appellee.

NICHOLS, J.—Complaint in two paragraphs, for un-paid salary as city judge, and for unpaid salary as mayor, respectively, of the city of Rushville. Answer in three paragraphs, denial, payment and estoppel. Appellee's demurrer was sustained to the third paragraph of answer.

There was a trial by court, which resulted in a judg-ment in favor of appellee for $6,745.59, from which, after appellant's motion for a new trial was overruled, this appeal, appellant assigning as error the action of the court in sustaining appellee's demurrer to the third para-graph of answer to the first paragraph of complaint, in sustaining appellee's demurrer to the third paragraph of answer to the second paragraph of complaint, and in overruling appellant's motion for a new trial.

There is no controversy as to the material facts in-volved in this appeal.

Appellee was elected mayor of the city of Rushville, Indiana, at the general election held in the year 1921, thereafter qualified, and acted in such capacity from the first Monday of January, 1922 to the first Monday in January, 1926. The city of Rushville was a city of the fourth class during all the time in question, and owned and operated both a water-works plant and electric-light and power plant, as public utilities, during all of said time.

Prior to the first Monday of January, 1922, the com-mon council of the city of Rushville had by ordinance abolished the office of city judge, and devolved the

duties thereof upon the mayor, and such ordinance was in force and effect during all the time here involved. Appellee, as mayor, performed the duties of city judge during the term of his office, no city judge having been appointed or elected.

On September 21, 1920, an ordinance was duly passed by the common council of the city of Rushville, Indiana, whereby the board of public safety and the board of public works were abolished, and the duties to be performed by each of said boards devolved upon the common council, and, during the time in question, the city of Rushville had neither a board of public works nor a board of public safety, but the duties to be performed by said boards were, during the time in question, performed by the common council.

During the time in question, an ordinance of the city of Rushville was in effect fixing the salary of the mayor of said city at $600 a year. During the term of office of appellee, he was paid by the city $600 per year as salary as mayor, or the total amount of $2,400 for the four years he was in office. For the years 1924 and 1925, appellee was paid $600 per year as salary for acting as city judge, or a total of $1,200.

On December 31, 1924, appellee filed a claim for and was paid the full year's salary of $600 for his services for that year as city judge. At that time he did not file, nor at any time during his term of office did he file any claim, nor make any demand on appellant for salary as city judge for any part of the year 1923. Appellee did not file any claim, nor make any demand upon appellant, during his term of office, for the additional salary as mayor, sued for in this action.

There are two principal questions involved in this appeal: Under the facts in this case, is appellee entitled to judgment for salary as city judge during the portion of the year 1923 after ch. 56 of the acts of the General

Assembly of 1923, §10264 Burns 1926, was in effect, together with interest thereon, and is appellee entitled to judgment for additional salary as mayor, and interest thereon, for each of the four years he was in office, the additional salary claimed being at the rate of $1,400 per year, under ch. 161 of the acts of the General Assembly of 1921, §10266 Burns 1926.

Appellant contests the right of appellee to recover anything in this action, and particularly the interest on the salary claimed, which interest at six per cent. per annum was allowed by the court, beginning at the time that the term of office of appellee expired.

Appellee contends that by the acts of the General Assembly of 1921, *supra*, the salary of the mayor of the city of Rushville was fixed at $2,000 per year, and that, having been paid only $600 per year, he is entitled to a judgment for the difference, or $1,400 for each of the four years, together with interest thereon.

Appellee further contends that he is entitled to pay at the rate of $600 per year or $400 for the eight months, for the fractional part of the year 1923, after the acts of that year were in effect, for salary as city judge, in accordance with acts of the General Assembly, *supra*.

The statute clearly fixes the salary of the mayor of a city of the fourth class having electric-light plants and water works as public utilities at $2,000 per year. §10266 Burns 1926. Appellant city is such a city. Appellee, as mayor thereof, drew but $600 per annum of the salary which this statute allowed him, and therefore there was $1,400 per annum or $5,600 for the four years unpaid.

Section 10264 Burns 1926, in force April 30, 1923, provides that where the office of city judge in cities of the fourth class is abolished, and such duties devolve upon the mayor of such city, he shall receive for his services as such city judge an annual

salary, in addition to his salary as mayor, of $600. The common council of appellant city abolished the office of city judge before the year 1923, and thereafter the duties of such office devolved upon the mayor. For his services as such city judge, he received for the years 1924 and 1925 an annual salary of $600, but he received no salary for his services for the last eight months of the year 1923. There was then due him for the year 1923, as salary, $400, which is unpaid.

Appellee, having received less than the amount provided for him by statute as salary, may, at any time until barred by the statute of limitations, recover the remainder thereof. *Board, etc., v. Chapman* (1898), 22 Ind. App. 60, 63, 53 N. E. 187; and this is true whether he knew his rights or not. *Board, etc., v. Benson* (1882), 83 Ind. 469, 472.

Appellant's contention that appellee is estopped from collecting his claim for salary due him because of laches and long delay in presenting the same, cannot prevail. In order for estoppel to be invoked as a defense, it must appear by the answer that the person claiming the same has changed his position to his detriment through some action, or want of action, of the party against whom he pleads estoppel. It does not appear by the answers attempting to plead estoppel that appellant had in any way changed its position and it was therefore not harmed by such delay. *Stringer* v. *Northwestern, etc., Co.* (1882), 82 Ind. 100; *Henry* v. *Gilliland* (1885), 103 Ind. 177, 2 N. E. 360.

The only ground upon which appellee claims that he should have interest on the amount of money due him for unpaid salary is that of unreasonable delay in the payment of the same. Section 10295 Burns 1926 provides that it shall be the duty of the mayor of the city to communicate to the council at least once a year a statement of the finances and general con-

dition of the city. But it does not appear that at any time appellee, as such mayor, in any way called the attention of the common council to the fact that there was any unpaid salary due him; in fact, it clearly appears by the evidence that neither appellee nor appellant knew of the provisions in the statute by which appellee was entitled to the salary now claimed by him. After appellee ceased to be the mayor of appellant city, it does not appear that he in any way called the attention of appellant city, or its common council, to the fact that such city was indebted to him for unpaid salary, until, a short time before this action was commenced, the date not being stated, appellee filed his claim for the $400, and then on December 13, 1926, commenced this action. Such a state of facts does not show that there was unreasonable delay in the payment of appellee's claim. We therefore hold, in view of the fact that the date when appellee presented his claim for the $400 does not appear in the record, that he should have interest upon his claim of $6,000 from the date of the commencement of his action, to wit, December 13, 1926, to the date of the finding, to wit: November 22, 1927, eleven months and nine days at six per cent. By our computation, appellee should have received a judgment for interest, in addition to the $6,000, in the sum of $339, instead of for $745.59 as found by the court. If, therefore, appellee will file, within thirty days, with the clerk of this court a certificate of the clerk of the trial court that he has remitted of the judgment of such court $406.59, as of the date of finding, then such judgment, after such remittitur, is hereby affirmed, otherwise reversed.