WETZEL ET AL. *v.* ANDREWS ET AL.

[No. 19,843. Filed April 30, 1964.]

*Joseph S. Thompson* and *Charles R. Wells,* both of Columbus, for appellants.

*Edwin K. Steers,* Attorney General, *Robert L. Dalmbert,* of Columbus, *William M. Evans,* and *Cook, Bose, Buchanan & Evans, of counsel,* of Indianapolis, for appellees.

PFAFF, J.—Appellants brought this action to set aside a lease purportedly entered into between Flatrock-Hawcreek School Corporation and the Northeastern Bartholomew County School Building Corporation of Bartholomew County, Indiana, and for a permanent injuction to enjoin said corporations from constructing a proposed school building, and from borrowing money and issuing and selling bonds to pay the cost thereof.

Appellants are citizens, legal voters, residents and taxpayers of Flatrock-Hawcreek School Corporation of Bartholomew County. The defendants, appellees herein, are the persons constituting the Board of Trustees of Flatrock-Hawcreek School Corporation, the governing body of Northeastern Bartholomew County School Building Corporation, and the State Board of Tax Commissioners.

Trial to the court resulted in a judgment in favor of appellees. Appellants' motion for a new trial was overruled and this ruling is here assigned as error.

In 1957 Flatrock School Township and Hawcreek School Township, being separate taxing units in Bartholomew County, were consolidated into one school administrative and taxing unit under the name of Flatrock-Hawcreek School Corporation. On September 26, 1960, the Northeastern Bartholomew County School Building Corporation was incorporated for the

purpose of acquiring a site, erecting thereon school buildings, and leasing the same to Flatrock-Hawcreek School Corporation.

On November 21, 1960, the Flatrock-Hawcreek School Corporation acquired by deed the site upon which the school building was to be erected, and still owned the same at the time of the trial.

On December 12, 1960, after notice and a hearing, the school corporation as lessee and the school building corporation as lessor entered into a lease of said real estate, providing that the school building corporation should erect a school building thereon, the term of the lease being thirty years, to begin on the date the building was completed and ready for occupancy.

The detailed plans and specifications for the construction of the new building by the Building Corporation were approved by the Board of Trustees of the Flatrock-Hawcreek School Corporation, the Board of Directors of the Building Corporation, the Indiana State Fire Marshall, the Indiana State Board of Health, and all other agencies designated by law to pass upon plans and specifications for school buildings. All such approvals of the detailed plans and specifications were secured several months after the execution of the lease on December 12, 1960. Preliminary plans for the building, showing the general layout and design, and the heating and lighting facilities, as well as preliminary specifications for materials and an estimate of the cost of the building, were on file and available for inspection at the time of the execution of the lease, and the preliminary plans and specifications and estimate of costs were approved by the school corporation prior to the execution of the lease.

The detailed plans and specifications were developed from these preliminary plans and specifications in substantially the same form and with only minor changes.

Acts 1947, ch. 273, §4, p. 1087, being §28-3223, Burns' 1948 Replacement, provides:

"The lessor corporation proposing to build such a school building or buildings, including the necessary equipment and appurtenances thereof, shall submit to the lessee or lessees, prior to the execution of a contract of lease, plans, specifications and estimates for such building or buildings, and such plans and specifications shall be submitted to the state board of health, state fire marshall and such other agencies as may be designated by law to pass on plans and specifications for school buildings, *and such plans and specifications shall be approved by such agencies in writing and the lessee or lessees prior to the execution of such contract or lease.*" (Our emphasis)

Appellants argue that the statutory provision that the plans and specifications "shall" be approved prior to the execution of the lease is mandatory and a condition precedent to the entering into a valid lease. Appellees take the position that the failure to secure approvals prior to the execution of the lease was a mere technical irregularity; that the approvals were ultimately secured and there was therefore substantial compliance; that there was no evidence that any member of the public ever asked to look at any plans or specifications or that anyone was confused, misled, or damaged by failure to secure approvals prior to the execution of the lease.

As stated in *State ex rel.* v. *Meeker* (1914), 182 Ind. 240, 243, 105 N. E. 906:

"... As a general rule of statutory interpretation the presumption is that the word 'shall', as used

in any given law, is to be construed in an imperative sense, rather than directory, and this presumption will control unless it appears clearly from the context or from the manifest purpose of the act as a whole that the legislature intended in the particular instance that a different construction should be given to the word. (Cases cited.)"

For other cases to the same effect see *State ex rel.* v. *Brennan, Judge* (1952), 231 Ind. 492, 109 N. E. 2d 409; *State ex rel.* v. *Superior Court of Madison County* (1940), 216 Ind. 641, 25 N. E. 2d 642; *Blackburn et al.* v. *Koehler, etc.* (1957), 127 Ind. App. 397, 140 N. E. 2d 763; *City of Gary* v. *Yaksich* (1950), 120 Ind. App. 121, 90 N. E. 2d 509. This rule of statutory construction is stated in 26 I. L. E., *Statutes,* §135 at p. 353, as follows:

"The word 'shall', appearing in a statute, does not have an exclusive, fixed, or inviolate connotation; ordinarily the word 'shall', when used in a statute, is presumed to be used in a mandatory sense, and will be construed in an imperative sense, rather than directory, unless it clearly appears from the context or from the manifest purpose of the act as a whole that the Legislature intended that a different construction should be given to the word. The word 'shall' may be construed to mean 'may' to prevent defeat of the legislative intent, and the word may be held to be merely directory when no advantage is lost, when no right is destroyed, or when no benefit is sacrificed, either to the public or to any individual, by giving it that construction."

It appears to us that the Legislature intended that before a public hearing is held, where persons interested have a right to be heard upon the necessity of the execution of a lease and whether the rental provided for therein is a fair and reasonable rental for

the proposed building, and before a public hearing is held by the State Board of Tax Commissioners, there should be no possibility of such actions and the decisions made becoming moot by the failure of state agencies to approve the plans and specifications. It also appears to us that the Legislature did not intend that the state agencies be confronted with a situation where they would either have to approve the plans and specifications exactly as submitted, although they do not meet with some applicable standard, or, by failing to do so, nullify the actions previously taken. We do not think the Legislature intended that such a burden be placed upon the state agencies. We find nothing in the statute or its manifest purpose to indicate that the legislative intent was that the word "shall" was used in other than a mandatory or imperative sense when provision was made that the plans and specifications "shall" be approved in writing by the appropriate state agencies and the lessee or lessees prior to the execution of the contract or lease, and nowhere in the findings did the court find that the plans and specifications were approved in writing, which, in effect, is a finding that the statutory requirement was not complied with.

We conclude that inasmuch as conditions precedent to the execution of a valid lease were not complied with, the lease involved here is not a valid lease, and did not become valid by reason of subsequent approvals of the plans and specifications.

Inasmuch as there is no conflict as to the essential facts, a new trial would serve no useful purpose. Therefore, the judgment is reversed and the trial court is directed to enter a judgment not inconsistent with this opinion.

Hunter, P.J., Kelley and Mote, JJ., concur.

NOTE.—Reported in 198 N. E. 2d 19.