278 N.E.2d 307 (1972)
Henry W. SHERRARD, Sr., Plaintiff-Appellant,
v.
THE BOARD OF COMMISSIONERS OF THE COUNTY OF FULTON ET AL., Defendants-Appellees.
No. 971A171.
Court of Appeals of Indiana, First District.
February 9, 1972.
Rehearing Denied March 21, 1972.
Patrick J. Roberts, Peru, Kenneth M. Waterman, Fort Wayne, for plaintiff-appellant.
*308 J. Murray McCarty, Jesse A. Brown, Rochester, for defendants-appellees.
ROBERTSON, Judge.
Appellant Sherrard, who served as Fulton County Surveyor during the years 1965 through 1968, inclusive, brought an action against the appellee county commissioners and others to recover unpaid salaries. The case was presented to the court by way of a stipulation of facts. Judgment in the amount of $6920 was granted to Sherrard, however, it was set aside, and a new judgment of $2862 was granted in his favor.
A summary of the stipulated facts shows that Fulton County, at the time here involved, was a Class 9 county with 963 miles of active drains within its confines. The base salary[1] of a surveyor who is a registered engineer (Sherrard was so qualified) of such a county was $3600. An additional salary of $2 per mile for each mile of active drains was authorized, which in this instance would equal $1926. Thus, the total allowable base salary for 1965 would then be $5526. A statutory[2] 10% increase was provided for, beginning in the year 1966, and continuing through 1967 and 1968, with a resulting base salary of $5886 per annum.
The base salary, as described above, was paid to Sherrard in those amounts for the appropriate years.
Sherrard's predecessor had submitted a budget for the 1965 surveyor's salary of $7256.[3] This sum was approved by the county council and appropriation made. Sherrard filed his monthly claims for $460.50, each of which was paid, resulting in the total salary of $5525 for that year.
The budget for 1966 was for $5886 (the first year of the 10% statutory increase.) This amount was approved and paid to Sherrard. The budget for 1967 was presented in the amount of $7886. Sherrard was paid the $5886, which was $114 less than approved and appropriated by the council, and $2114 less than the amount requested in the submitted budget. The 1968 situation was identical to that occurring in the previous year.
Sherrard's complaint for unpaid salary prayed for relief in the sum of $8020, or $2005 for each of the four years he served as county surveyor.
Sherrard's Motion to Correct Errors, which was overruled, alleges two specifications of error:
1. The failure of the court to award Sherrard the difference between his legal compensation as fixed by law for the years 1966 through 1968, inclusive, and the amount he was actually paid, plus interest, and
2. Failure of the court to award reasonable attorney's fees.
Waivers by the parties in oral argument now renders moot the question of attorney's fees, therefore, no need exists for discussion and decision of the second specification of error. Furthermore, the parties are in agreement that Sherrard is entitled to the $2000 appropriated in 1964, and payable in 1965.
The thrust of the remainder of Sherrard's argument, insofar as it pertains to the first specification of error, involves the interpretation of the following pertinent parts of a statute which reads:
"If the county surveyor is registered under the Indiana board of registration for engineers and land surveyors, then the salary shall be one and one-half [1 1/2] *309 times the base salary as set out above. If the county surveyor is registered as above set out, then the county council [may][4] increase the salary of one and one half [1 1/2] the base salary by [any][5] amount not to exceed $2000.00 per year." Ind. Ann. Stat. § 49-1062 (Burns 1964.)
Sherrard says he is entitled to the $2000 professional pay for each of the three remaining years of his term. The first (1966) because the county council had no authority to decrease his pay, and the remainder (1967 and 1968) because the statute mandates the full $2000 for each year.
The commissioners reply that the 1966 professional pay was discretionary, and that the additional $114 in 1967 and 1968 fulfilled the requirement of the statutory pay raise in that the $2000 referred to in the statute acted only as a ceiling upon the amount of the raise.
It is with the latter contentions we agree.
This court is bound by the following statute:
"The construction of all statutes of this state shall be by the following rules, unless such construction be plainly repugnant to the intent of the legislature or of the context of the same statute:
First. Words and phrases shall be taken in their plain, or ordinary and usual, sense. But technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." IC 1971, 1-1-4-1; Ind. Ann. Stat. § 1-201 (Burns 1967).
Since the issues presented to us do not require the language of the statute involved to be interpreted in a technical nature, we will treat the words "may" and "shall" in their plain and ordinary sense of being discretionary and mandatory respectively. State ex rel. Smitherman et al. v. Davis etc. et al. (1958), 238 Ind. 563, 151 N.E.2d 495. Wetzel v. Andrews (1964), 136 Ind. App. 117, 198 N.E.2d 19. The same treatment will be accorded the phrase "not to exceed."
The 1966 $2000 professional pay, which came under the "may" version of Ind. Ann. Stat. § 49-1062 (Burns 1964), was discretionary with the county council, to be given or not as they saw fit.
It would appear that county officers' wages can be decreased lawfully if the appropriate agency, in this case the county council, acts in conformity with the statute that delegates their authority.
"A public officer is entitled to the salary provided by law, because the law attaches the salary to the office as an incident thereof, and not by force of a contract; and the compensation of the officer as such may be regulated, altered, increased, or diminished by the lawmaking power at any time, unless the Constitution provide otherwise." (Citing authorities.) Board of Comm. of Allen Co. v. Chapman (1898), 22 Ind. App. 60, at p. 62, 53 N.E. 187, at p. 188.
See also: Gates v. Hickman (1946), 117 Ind. App. 414, 70 N.E.2d 441, and 67 C.J.S. Officers § 94, p. 339.
Sherrard cites the case of Goetzman v. Whitaker (1890), 81 Iowa 527, 46 N.W. 1058, for the proposition that a statute authorizing the county council to fix the salary of an elected, constitutional, county officer, contemplates that the salary shall be fixed at the commencement of his term, *310 and, without specific legislative authority, the county council cannot change the salary after his election. We feel that this is a correct statement of the law. In the instant case, specific legislative authority did exist in that the statute fixed certain limits within which the county council could operate.
In dealing with the "shall" version of Ind. Ann. Stat. § 49-1062, we hold that the county council was required to give Sherrard more salary. The phrase "not to exceed" existed in both the "may" and "shall" versions of the statute. Giving this phrase its ordinary and usual meaning, we are required to hold that they perform the function of being words of limitation. See also 1969 Op.Atty.Gen. 35. The sum of $114 would, therefore, fulfill the mandatory requirement of the statute as it existed after the first of January, 1967, in that a raise which did not exceed $2000 was given. It is also reasonable to believe that the legislature intended some discretionary power to reside with the county council for the phrase "not to exceed" remained in the statute after amendment.
Sherrard points out that a change of phraseology from the original act raises a presumption that a change of meaning was intended. Gingerich v. State (1950), 228 Ind. 440, 93 N.E.2d 180. We are of the opinion that the presumption was fulfilled by changing the professional pay from a discretionary to a mandatory status when it was amended.
It must be concluded that the county council correctly followed the legislative mandates by remaining within the proscribed areas of discretion provided by the statute in question.
Judgment affirmed.
LOWDERMILK and LYBROOK, JJ., concur.
NOTES
[1] Ind. Ann. Stat. § 49-1062 (Burns 1964), IC 1971, XX-X-XX-XX.
[2] Ind. Ann. Stat. § 49-1055 (Burns 1970), XX-X-XX-X.
[3] The $2000 difference is the primary subject of this appeal, and will be dealt with later in the opinion.
[4] The bracketed word "may" was changed to "shall" by the Indiana General Assembly, with the amendment becoming effective January 1, 1967.
[5] The bracketed word "any" was changed to "an" by the Indiana General Assembly, with the amendment becoming effective January 1, 1967.