CITY OF MUNCIE, Indiana, and Office of the Public Counselor, Appellants (the Intervenor and the Public, respectively, below),

v.

PUBLIC SERVICE COMMISSION of Indiana, and Muncie Water Works Company, Appellees (the Commission and the Petitioner, respectively, below).

No. 2–677A246.

Court of Appeals of Indiana, First District.

Nov. 20, 1979.

James K. Sommer, Terry R. Curry, Sommer & Barnard, Indianapolis, David S. Wallace, Asst. City Atty., Muncie, for appellants.

Howard J. Cofield, Jon D. Noland, Daniel W. McGill, Barnes, Hickam, Pantzer & Boyd, Indianapolis, for Muncie Water Works Co., appellees.

NEAL, Judge.

In *City of Muncie v. Public Service Commission of Indiana,* (1978) Ind.App., 378 N.E.2d 896 (transfer denied), this court reversed an order of the Public Service Commission (Commission) which granted the Muncie Water Company (Petitioner) a rate increase. Our decision in that case was based on the fact that the Commission had erred in the computation of the federal income tax expense allowed Petitioner in the rate-making process, resulting in an excessive and unreasonable rate increase. To remedy the situation we remanded the case to the Commission for a determination of the effective federal income tax expense to be paid by the Petitioner, and we ordered a corresponding adjustment in the rate increase allowed Petitioner.

Pursuant to Ind. Code 8–1–3–6 [1] Petitioner had been collecting the increased rates authorized by the Commission's original order prior to the appeal of the rate increase

1. "All regulations, practices, installations and services prescribed, approved or required by the commission shall be in force and shall be prima facie reasonable unless finally found otherwise by the Appellate Court or by

the Supreme Court if the cause is transferred to and decided by that court: Provided, however, That pending the appeal as in this act provided, any public utility, rural electric membership corporation, or rural telephone

to this court. As a result, any reduction in the rate increase on remand must be refunded to Petitioner's rate payers, because Ind. Code 8–1–3–6 also requires a refund of excess rates collected if a rate increase is not sustained upon appeal.

Consequently, our decision in *City of Muncie, supra,* presented a two-pronged chore for the Commission: 1) to adjust the original rate increase to a "reasonable" rate increase in light of Petitioner's effective federal income tax liability; and, 2) to determine the refund due Petitioner's rate payers based on the difference between the original rate increase and the adjusted rate increase on remand.

In order to appropriately calculate the rate increase on remand, and the correct amount of refund to the rate payers, Petitioner proposed to present evidence concerning not only its effective federal income tax liability, but also evidence of its actual operating experience. Petitioner argues that such additional evidence is needed to properly determine the refund due rate payers. City of Muncie (Muncie) objected to the presentation of such additional evidence, stating that evidence of actual operating experience is not a proper consideration in adjusting the rate on remand, or in calculating the amount of refund to rate payers. Muncie argues that the only proper evidentiary consideration by the Commission on remand is the effective federal income tax liability incurred by the Petitioner in its consolidated federal income tax return. The Commission overruled Muncie's evidentiary objection and ruled that Petitioner could present actual operating experience evidence.

Thereafter, Muncie requested that the Commission certify a question of law to this court, pursuant to Ind. Code 8–1–3–10,[2] regarding the admission and consideration of such evidence. This opinion accepts and answers the certified question of law presented to this court by the Commission.

We hold that evidence of the actual operating experience of Petitioner should not be discovered by the Commission. Pursuant to our opinion in *City of Muncie, supra,* the Commission need only determine the "effective federal income tax rate and resulting tax expense of Petitioner" in order to calculate the rate increase on remand. Our opinion in *City of Muncie, supra,* simply demanded that the rate increase granted Petitioner accurately reflect the effective federal income tax expense of Petitioner.

Once the Commission has properly adjusted the rate increase on remand, it can garner whatever evidence it feels is necessary to determine the refund to individual consumers. However, the only evidence the Commission needs in order to determine the size of the total refund due consumers is the amount of water sold to consumers prior to the rate adjustment on remand. Any other evidence would, seemingly, be extraneous.

Ind. Code 8–1–2–68 clearly states that the Commissioner's rate-making function is prospective in nature, thereby eliminating the concept of retroactive rate-making:

"Whenever, upon an investigation, the commission shall find any rates, tolls, charges, schedules or joint rate or rates, to be unjust, unreasonable, insufficient or

cooperative association whose rate or rates are affected by the decision, ruling or order appealed from, shall have the right to collect the rate or rates as fixed by said decision, ruling or order, or the former rate, whichever is higher in amount, and such public utility, corporation or association shall refund the difference to each consumer or contract customer if such difference be not sustained upon appeal: Provided, further, That pending the appeal as in this act provided, the Appellate Court, upon good cause shown by verified petition, may authorize and permit, but not require, any railroad, common or con-

tract carrier whose rate or rates are affected by the decision, ruling or order appeal from, to collect the rate or rates published and in effect or the rate or rates sought to be put into effect, immediately prior to the commencement of the proceeding before the commission, subject to such provisions for bond or escrow as the court shall provide to protect the interest of all parties of record before the court."

2. "The commission, of its own motion, may certify questions of law to said Appellate Court for its decision and determination."

unjustly discriminatory, or to be preferential or otherwise in violation of any of the provisions of this act, the commission shall determine, and by order fix just and reasonable rates, tolls, charges, schedules or joint rates to be imposed, observed and followed in the future in lieu of those found to be unjust, unreasonable, insufficient or unjustly discriminatory or preferential or otherwise in violation of any of the provisions of this act."

Case law adds strength to the statutory barring of retroactive rate-making. In *Indiana Telephone Corporation v. Public Service Commission of Indiana*, (1960) 131 Ind. App. 314, 340, 171 N.E.2d 111, 124, this court stated:

"We find nothing in the statute giving the Commission the power to cancel, or to fix, rates retroactively. The statute provides the Commission with the power to fix rates *for the future* if it finds the rates in effect to be unreasonable or unjust; but we look in vain to find statutory authority for the Commission to fix rates *for the past*. The Commission has no powers except those conferred by statute." (Citations omitted, original emphasis.)

We feel that if the Commission allows evidence of Petitioner's actual operating experience into evidence, it could have no value other than to have an effect upon the calculation of the rate increase on remand, and/or to affect the refund given to consumer-rate payers. If the actual operating experience of Petitioner affected either of these, it would constitute retroactive rate-making. Such retroactive rate-making would allow recoupment of actual operating losses not foreseen in the original rate-making process, either directly, by an excessive rate increase on remand, or indirectly, by minimizing the refund to consumers.

This court stated in *Public Service Commission of Indiana v. City of Indianapolis*, (1956) 235 Ind. 70, 131 N.E.2d 308, 315:

"Past losses of a utility cannot be recovered from consumers nor can consumers claim a return of profits and earnings which may appear excessive. . . .

The chances of a loss or profit from operations is one of the risks a business enterprise must take. The Company must bear the loss and is entitled to the gain depending upon the efficiency of its management and the economic uncertainties of the future after the rate is fixed. Were it not so, a premium would be placed upon inefficiency, waste and negligence in management. It is better policy to encourage thriftiness, saving and frugality on the part of a utility management. Such incentive inures eventually to the benefit of the consumers in succeeding rate hearings."

Further reason to bar evidence of Petitioner's actual operating experience from the rate-making process on remand is found in Ind. Code 8–1–3–6. It plainly states that a utility "shall" refund the difference in any rate not affirmed upon appeal. Fundamental rules of statutory construction inform us that the term "shall" is construed as mandatory. *Wetzel v. Andrews*, (1964) 136 Ind.App. 117, 198 N.E.2d 19; *State ex rel. Simpson v. Meeker*, (1914) 182 Ind. 240, 105 N.E. 906. Additionally, case law indicates that Ind. Code 8–1–3–6 is construed as mandatory and that if an order of the Commission is reversed on the merits, the utility must refund the amounts collected pursuant to the Commission's order. *Haste v. Indianapolis Power & Light Co.*, (1978) Ind. App., 382 N.E.2d 989.

We do not see how the Commission's consideration of evidence, other than that pertaining to Petitioner's effective federal income tax liability, could be of assistance in light of Ind. Code 8–1–3–6. In fact, to consider evidence of Petitioner's actual operating experience in order to calculate an adjusted rate increase on remand and the refund due customers, would serve to expand the parameters of Ind. Code 8–1–3–6.

It is the law in this state that the powers of an administrative agency are strictly enumerated and construed by statute. *Monon Railroad Company v. Citizens of Sherwood Forest Addition, Marion County*, (1970) 146 Ind.App. 620, 257 N.E.2d 846. Additionally, statutes are to be given their

plain, clear and obvious meanings. *Knox County Rural Elec. Mem. Corp. v. Public Service Commission of Indiana,* (1966) 139 Ind.App. 547, 213 N.E.2d 714. Therefore, the Commission should not consider Petitioner's actual operating experience in determining any refund pursuant to Ind. Code 8-1-3-6.[3]

We order the Public Service Commission to proceed with the adjustment of rates for Petitioner, such adjustment based on the effective federal income tax rate incurred by Petitioner, pursuant to the opinion in *City of Muncie, supra,* and pursuant to this answer to a certified question of law. We further order the Commission to determine any refund due consumers pursuant to *City of Muncie, supra,* and this opinion.

LOWDERMILK, P. J., and ROBERTSON, J., concur.

**3.** *See also Mountain States Telephone & Telegraph Co. v. Public Utilities Commission,* (1972) 180 Colo. 74, 502 P.2d 945; *Francis Coal & Clay Co. v. Pennsylvania Power Co.,* (1931) 1932A P.U.R. 330.