STATE EX REL. SMITHERMAN ET AL. *v.* DAVIS,
TRUSTEE, ETC. ET AL.

[No. 29,620. Filed June 26, 1958. Rehearing denied
October 31, 1958.]

Stephen A. *Free* and *Ging & Free,* both of Greenfield, for appellants.

*Richard T. Lineback,* of Greenfield, and *John H. Baldwin,* of Indianapolis, for appellees.

ACHOR, J.—This is an action in mandamus. Appel-

lants, who are residents of Center Township in Hancock County, seek a court order requiring appellees, who are the Trustee of Center School Township, Board of School Trustees of Central School District (which includes Center Township), and the County Superintendent of Schools, to grant the transfer of their children from the Central School District to the Greenfield city schools.

Action was commenced in the Hancock Circuit Court on the 10th day of March, 1956. A demurrer to appellants' complaint was sustained. Appellants declined to plead further and judgment was taken against them accordingly.

The complaint contains several conclusions of law, all of which must be ignored as irrelevant. However, since there are other facts well pleaded and the sufficiency of the complaint was challenged by demurrer, we must look to and consider as true the facts which are well pleaded, together with those inferred by ordinary and reasonable intendment.

The facts so alleged as cause for the action are substantially as follows:

Center Township is approximately seven miles east and west, and eight miles north and south. There are two school facilities within the township, one at the unincorporated town of Maxwell, and the other in the city of Greenfield. Both Maxwell and Greenfield are approximately in the center of the east and west dimension of the township. The city of Greenfield is approximately two miles from the south line and Maxwell is approximately one mile from the north line of the township. For many years prior to the school year of 1954-1955, the children of the appellants, who reside in the township and to the south of the city of Greenfield, were transferred to the latter school.

Green Township lies to the north of Center Township in Hancock County. For many years the Green School Township had maintained a school in the unincorporated town of Eden, which is approximately three and one-half miles north of Maxwell. During the summer of 1955 proceedings were had to consolidate the school corporations of the two townships. Prior to said consolidation appellants made request to the trustee of Center School Township and the County Superintendent of Schools for the transfer of their children to the Greenfield city schools, which requests were denied. After consolidation of said school districts, formal request was again made to the Board of Trustees of the Central School District and to the County Superintendent of Schools of Hancock County, which requests were again denied.

Thereafter the children of these appellants were sent to the consolidated schools at Eden. In order to transport the children to the Eden schools it was necessary that all of them be transported through the city of Greenfield, plus the addition of about ten miles to the Eden school.

With regard to the character of the two schools, the complaint alleges as follows:

"... that the school building at Eden was crowded; that it would be necessary to hold classes in temporary and inadequate quarters; ...

"...

"The School City of Greenfield maintains a larger system than that of Hancock Central School District; said Greenfield schools employ a greater number of better qualified teachers than does the Hancock Central system; Greenfield High School holds a First Class High School Commission, and is accredited by the North Central Association of Colleges and Secondary Schools, qualifications

which were not met by either the Center School Township, or Green School Township Highschools, . . ." (pp. 15 and 18, Appellants' Br.)

The complaint further alleges that all these facts were known to the appellees, but that nevertheless appellees refused to perform their statutory duty regarding the transfer of appellants' children. The statute which fixes the right of parents and the duty of a school corporation to transfer children from one school to another reads as follows:

"Whenever any child, resident in any school corporation of this state, can be better accommodated in the public schools of another school corporation of this state, or a high school of a school corporation of an adjoining state, the school trustee or board of school trustees, or board of school commissioners of the school corporation in which such child resides, may, if the conditions warrant, and upon application of the parent, guardian or custodian of such child, made at any time, grant an order of transfer, which shall entitle such child to attend the schools of the corporation within this state, or the high school of a corporation in an adjoining state, to which such transfer is made, under the conditions hereinafter prescribed: . . . That in determining whether a child can be better accommodated in the schools of another school corporation in this state than that in which such child resides, or the high school of such school corporation in an adjoining state than that in which such child resides, such matters as the proximity of the schools of the township and city to the residence of such child desiring the transfer, the kind and character of the roads to each, the means of transportation, if any, to each, the crowded conditions of the schools in either of the two corporations, shall be pertinent; and, Provided, further, That if there is no commissioned high school in any such school corporation, where the child resides, the school trustee, board of school trustees or board of school commissioners shall grant an order of transfer." §28-3701, Burns' 1948 Repl. (Acts 1932 (Spec. Sess.), ch. 49, §1, p. 190.)

"If an order of transfer be denied, the parent, guardian or custodian of the child shall have the right to appeal the case to the county superintendent of schools, whose decision shall be final." §28-3705. (Acts 1901, ch. 204, §4, p. 448.)

The school year 1955-1956, during which this transfer was prayed, has long since passed and, therefore, in reality, the specific question raised is moot.[1] However, the parties urge that, because the same question reoccurs year after year as to the appellants and the parents of other children throughout the state, the case should be decided upon its merits. The question at issue is one of great public interest and should therefore be decided. We accede to this request. See, *City of Jeffersonville* v. *Louisville, etc. Bridge Co.* (1908), 169 Ind. 645, 83 N. E. 337.

There is no question that, under the above statute [§28-3701], transfer of pupils is made discretionary with school officials. The questions presented here are, (1) whether the granting of such transfers is *entirely* discretionary with the school trustee, from which action there is no appeal other than to the county superintendent of schools, with no right of judicial review, and, (2) if such right of judicial review does exist (3) whether the facts pleaded and admitted by demurrer are sufficient to allege a prima facie abuse of discretion by the board. There is no question that, under the present statute, the granting of the transfer of pupils is discretionary with the school officials.[2] However, this

1. *Edwards et al., Trustee School City of Peru* v. *State ex rel. Kesling* (1894), 143 Ind. 84, 42 N. E. 525.

2. Our courts have held that under §240, Burns' 1914 [1-201, Burns' 1946 Repl.], the words "shall" and "may" must be given ordinary meaning unless defeat of legislative intent would result. *Morrison* v. *State* (1914), 181 Ind. 544, 549-550, 105 N. E. 113. Also, in the same vein, "may," although sometimes construed as equivalent of "shall," should not be so construed where it is

does not follow that the refusal of school officials to grant transfers to pupils, although discretionary, may not be subject to judicial review.

The act [§28-3705, *supra*] provides that the decision of the superintendent of schools upon this issue "shall be final." However, the law is now well settled that the legislature cannot make the decision of an administrative officer final. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. Furthermore, our courts have held that although the language of the statute is permissive in form, making the action of a public official discretionary, nevertheless where there has been an abuse of discretion, courts will review the exercise of such discretionary powers and compel proper discharge of the duties imposed. *Bansemer and Others* v. *Mace and Others* (1862), 18 Ind. 27, 81 Am. Dec. 344; *Gray, Governor et al.* v. *The State ex rel. Coghlen* (1880), 72 Ind. 567; *State ex rel. Oliver et al.* v. *Grubb, Trustee* (1882), 85 Ind. 213; *Zorn* v. *Warren-Scharf, etc. Paving Co.* (1907), 42 Ind. App. 213, 84 N. E. 509; *Clifton* v. *State ex rel.* (1911), 176 Ind. 33, 95 N. E. 305.

The law now seems to be well settled that all discretionary acts of public officials, which directly and substantially affect the lives and property of the public, are subject to judicial review where the action of such officials is fraudulent, arbitrary or capricious,[3] or otherwise illegal.  Art. 1, §12, Con-

---

evident that the act confers discretionary powers. *The Board of Commissioners of Vigo County* v. *Davis et al.* (1894), 136 Ind. 503, 507, 36 N. E. 141, 22 L. R. A. 515.

3. ". . . Arbitrary or capricious action on the part of an administrative board means willful and unreasonable action, without consideration and in disregard of the facts or circumstances of the case; action taken without some basis which would lead a reasonable and honest man to such action. . . ." *State Bd. of Tax Com'rs.* v. *Chicago, etc., R. Co.* (1951), 121 Ind. App. 302, 308-309, 96 N. E. 2d 279.

stitution of Indiana.[4] *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 44 N. E. 2d 101; *Smith* v. *Lippman* (1944), 222 Ind. 261, 53 N. E. 2d 157; *Phillips et al.* v. *Officials of Valparaiso, etc. et al.* (1954), 233 Ind. 414, 120 N. E. 2d 398; *Slentz et al.* v. *City of Fort Wayne et al.* (1954), 233 Ind. 226, 118 N. E. 2d 484. The law upon this issue has been stated generally as follows:

> ". . . if the public interest or private rights call for the exercise of the power vested in a public official, the language used, though permissive or directory in form, is in fact peremptory . . . . the power vested in the officer is not for his benefit but for the benefit of the public or of third persons, and it must be exercised. . . ." Craford's Statutory Construction, §266, pp. 530, 531. See, *Supervisors Rock Island Co.* v. *United States* (1867), 4 Wall. (U. S.) 435, 18 L. Ed. 419; *United States* v. *Caplinger* (1927), 8th Cir., 18 F. 2d 898.

Here the controlling statute [§28-3701, *supra*] expressly stated certain criteria which school officials must consider in determining whether the conditions warrant a transfer, as follows: ". . . the proximity of the schools . . . the crowded conditions of the schools in either of the two corporations, . . ."

The facts alleged in the complaint clearly bring the case within the above specified statutory conditions or criteria. Therefore, we are here confronted with a situation where said statute specifically states that certain conditions or criteria "shall be pertinent" in determining whether a child "can be better accommodated" in another school, and the facts presented by complaint bring the case within the speci-

---

4. "All courts shall be open; and every man, for injury done to him in person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Art. 1, §12, Constitution of Indiana.

fied conditions or criteria. [§28-3701, *supra.*] Such allegations are sufficient to assert a prima facie mandatory duty upon such school officials to grant the transfer as prayed, subject to the right of the school officials to show cause why they have not acted according to the clearly expressed criteria of the statute in making their decision.

Judgment is therefore reversed, with instructions to overrule the demurrer to appellants' complaint.

Bobbitt, C. J., Arterburn, Emmert & Landis, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 495.