The COMMISSION ON GENERAL EDUCATION, The Indiana Board of Education, Defendant–Appellant/Counter–Appellee,

v.

UNION TOWNSHIP SCHOOL OF FULTON COUNTY, Plaintiff–Appellee/Counter–Appellant.

No. 1–380A64.

Court of Appeals of Indiana, First District.

Oct. 7, 1980.

Theodore L. Sendak, Atty. Gen., J. David Roellgen, Deputy Atty. Gen., Indianapolis, for defendant–appellant/counter–appellee.

Nelson G. Grills, Indianapolis, for plaintiff–appellee/counter–appellant.

NEAL, Judge.

## STATEMENT OF THE CASE

Twenty–seven students filed requests for transfer from Union Township School of Fulton County, plaintiff–appellee/counter–appellant, to either Rochester Community School Corporation or Eastern Pulaski Community School Corporation.[1] The requests were made pursuant to Ind.Code 20–8.1–6.-1–2 which reads, in relevant part, as follows:

"The parents of any student, regardless of the student's age, or the student after he has reached 18 years of age, may request a transfer from a school corporation in which the student has a legal settlement to a transferee school corporation in Indiana or another state if the student may be *better accommodated* in the public schools of the transferee corporation. Whether the student can be *better accommodated* depends on such matters as travel time to schools of each corporation, transportation, crowded conditions of the transferee or transferor corporation, and curriculum offerings important to the vocational or academic aspirations of the student." (Emphasis added.)

Union Township School denied all 27 requests.

The students appealed to the Commission on General Education, The Indiana Board of Education, defendant–appellant/counter–appellee, pursuant to Ind.Code 20–8.1–

6.1–2 and 10. The Commission granted the transfer requests of 17 of the students, adopting the recommended findings of fact and conclusions of law of the hearing examiner who conducted a hearing on each request.

Union Township School appealed the Commissioner's granting of the 17 transfers to the Hancock Circuit Court. In relation to each of ten of the 17 transfers, the trial court found "substantial evidence to support the determination of the Commission to grant a transfer from Kewanna [Union Township School]" and "such determination was not arbitrary, capricious nor contrary to law." In relation to the remaining seven transfers, the trial court found that the Commission "acted in an arbitrary matter [sic] for the reason that none of the basic facts found by the Commission leads to the conclusion that students would be better accommodated by said transfer."

Both the Commission and Union Township School filed motions to correct errors and appealed to this court. We affirm the trial court.

## ISSUES

Union Township School contends: 1) the only ascertainable standards for determining "better accommodation" are the four set forth in the statute, so those are the only standards which can be utilized; and 2) the Commission found no basic facts which would support findings of "better accommodation" under those four statutory standards. The Commission denominates the four statutory standards "objective benchmarks to guide the Commission's determinations" and argues that a finding of "better accommodation" is not tied to these standards but is "committed by law exclusively to the discretion of the Commission." The Commission maintains there is evidence to support the Commission's findings of "better accommodation."

We restate the issues raised by the parties as follows:

---

1. The requests were for the 1977–78 school year, long since past. Under the authority of *State ex rel. Smitherman v. Davis, Trustee,* (1958) 238 Ind. 563, 151 N.E.2d 495, we address the merits of a recurring issue of great public interest.

I. Did the trial court err in reviewing the "better accommodation" decisions of the Commission solely according to the four criteria set forth in Ind.Code 20–8.1–6.1–2?

II. Did the trial court err in its assessments of whether the evidence supported the Commission's decisions?

## DISCUSSION AND DECISION

*Issue I.*

■ Ind.Code 20–8.1–6.1–2 and 10 allow the Commission to grant transfer to any student it finds will be "better accommodated" in some school corporation other than the one in which the student has legal settlement. Ind.Code 20–8.1–6.1–2 makes the determination of "better accommodation" depend "on such matters as": 1) travel time; 2) transportation; 3) crowded conditions; and 4) curriculum offerings. The phrase "such matters as" clearly expresses the legislature's intent that the list of four criteria need not be inclusive.

Union Township School suggests Ind. Code 20–8.1–6.1–11 as the mechanism by which the legislature intended the definition of "better accommodation" be further fleshed out. That section provides, in relevant part, that "[p]rovisions to implement this chapter [6.1. Transfers and Transfer Tuition] ... shall be implemented by regulation of the commission on general education." The school correctly notes that no such regulations further defining "better accommodation" have been implemented.

In effect, Union Township School argues that until the Commission further defines "better accommodation" by regulation, it must be guided solely by the four statutory criteria, granting transfer only when the facts support a conclusion that a student will be "better accommodated" because of travel time, transportation, crowded conditions, or curriculum offerings, or a combination of two or more of these criteria. The Commission contends, in effect, that it is free to go beyond the four statutory criteria and define "better accommodation" case by case as long as the facts found support the

resulting definition and conclusion of law in any particular case.

■ We find the following language from *Podgor v. Indiana University*, (1978) Ind.App., 381 N.E.2d 1274, 1283, relevant to this issue:

"In order to satisfy due process, an administrative decision must be in accord with previously stated, ascertainable standards. *Holmes v. New York City Housing Authority* (2nd Cir. 1968), 398 F.2d 262; *Barnes v. Merritt* (5th Cir. 1967), 376 F.2d 8; *Harnett v. Board of Zoning* (D.C.V.I.1972), 350 F.Supp. 1159. This requirement is to make certain that administrative decisions are fair, orderly and consistent rather than irrational and arbitrary. The standards should be written with sufficient precision to give fair warning as to what the agency will consider in making its decision.... And finally, the standards should be readily available to those having potential contact with the administrative body." (Repetitious citations omitted.)

Thus, ascertainable standards are necessary under *Podgor, supra*, for two distinct purposes.

First, ascertainable standards provide those persons having potential contact with the administrative body, here the petitioning students, with fair warning of the criteria by which their petitions will be considered. The standards thus provide the information necessary to their initial decisions whether to petition for transfer, in addition to the guidance necessary to their preparation and presentation of cases before the Commission.

■ Secondly, ascertainable standards provide the courts with the tools necessary for effective judicial review. Although Ind. Code 20–8.1–6.1–10 specifically excludes the proceedings of the Commission from the provisions of the Administrative Adjudication Act, Ind.Code 4–22–1–1, *et seq.*, that Act provides a workable standard to be used by courts when asked to review an administrative decision. *Indiana Department of Public Welfare v. Anderson*, (1976) Ind.App., 357 N.E.2d 267. The court in

*Indiana Department of Public Welfare, supra*, 357 N.E.2d at 272, quoted from Ind. Code 4–22–1–18 for this purpose as follows:

"'On such judicial review, if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.'"

A court cannot effectively review a transfer decision of the Commission as to whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law if the Commission is free to mold the criteria by which it considers a transfer petition to fit the facts and circumstances of the particular case. Any such transfer decision of the Commission would be, by definition, in accordance with the law as defined by the Commission in the particular cause in which the decision was rendered.

██ The trial court did not err in reviewing the "better accommodation" decisions of the Commission solely according to the four criteria set forth in Ind.Code 20–8.1–6.1–2.

*Issue II.*

██ The evidence adduced in the trial court consisted solely of the certified transcript of the proceedings before the Commission. The trial court could not hear the matter as a new action or weigh the evidence, but was limited to a consideration of whether there was any substantial evidence to support the Commission's findings. *Department of Financial Institutions v. State Bank of Lizton*, (1969) 253 Ind. 172, 252 N.E.2d 248.

██ We do not think it necessary to repeat here the extensive findings of fact made by the trial court in relation to the 17 students, which findings comprise approximately 17 pages of the record of the proceedings. It suffices to say that we have examined the record of the evidence before the Commission as well as the findings made by the trial court, and we find the trial court was correct in its assessment of the evidence. In relation to ten of the students, there was evidence to support findings that the ten would be "better accommodated," such evidence dealing primarily with curriculum offerings available in the transferee schools and unavailable in Union Township School. In relation to the other seven students, there was no evidence to support findings of "better accommodation" under any of the four statutory criteria.

The judgment of the trial court is affirmed.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.