The COMMISSION ON GENERAL EDUCATION, the Indiana Board of Education, Defendant-Appellant,

v.

UNION TOWNSHIP SCHOOL OF FULTON COUNTY, Plaintiff-Appellee.

No. 1–1180A317.

Court of Appeals of Indiana, First District.

April 14, 1981.

Linley E. Pearson, Atty. Gen. of Indiana, David Michael Wallman, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

Nelson G. Grills, Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The Commission on Education, Indiana Board of Education (Commission) appeals a grant of summary judgment in favor of Union Township School of Fulton County (School), plaintiff below who challenged student transfers granted by the Commission. We reverse.

1. IC 20–8.1–6.1–2 (Burns Code Ed., Supp. 1980). "Transfer at the request of parents or student.—The parents of any student, regardless of the student's age, or the student after he has reached 18 years of age, may request a transfer from a school corporation in which the student has a legal settlement to a transferee school corporation in Indiana or another state if the student may be better accommodated in the public schools of the transferee corporation. Whether the student can be better accommodated depends on such matters as travel time to schools of each corporation, transportation, crowded conditions of the transferee or transferor corporation, and curriculum offerings important to the vocational or academic aspirations of the student.

"This request must be made in writing to the transferor corporation which shall immediately mail a copy to the transferee corporation. This request must be made at the times provided by regulation of the commission on general education. The transfer is effected if both the transferee and the transferor corporations approve the transfer within thirty [30] days after that mailing. The transfer shall be denied when either school corporation either mails a written denial by certified mail to the requesting parents or student at their last known address, or fails to act on the request within that period. In that event, an appeal may be taken to the commission on general education by the requesting parents, or student, if perfected within

## FACTS

Although neither party sets forth a comprehensive statement of facts, information contained in the briefs suggests that the facts are remarkably similar to those set out in the case of *Commission on General Education v. Union Township School of Fulton County*, (1980) Ind.App., 410 N.E.2d 1358. Briefly stated, in the instant case certain students requested school transfers pursuant to IC 20–8.1–6.1–2 (Burns Code Ed., Supp. 1980)[1] and were denied same by the School. Students appealed to Commission which granted twenty-four transfers. School sought judicial review of the Commission's grant, and the trial court granted summary judgment in favor of School,[2] ordering the Commission to vacate its decision granting all twenty-four transfers because it found the Commission had erred as a matter of law in failing to promulgate transfer regulations which it held to be mandated by Ind. Code 20–8.1–6.1–11 (Burns Code Ed., Supp. 1980).[3]

ten [10] days after the denial. This appeal shall be perfected by mailing a notice of appeal by certified mail to the superintendent of each school corporation and the commission on general education. The superintendent of public instruction shall develop forms for this purpose, and the transferor corporation shall assist the parents or student in the mechanics of perfecting the appeal. Appeals shall be heard in accord with section 10 [20–8.1–6.1–10] of this chapter. [IC 20–8.1–6.1–2, as added by acts 1976, P.L. 101, § 10, p. 437.]"

2. We commend that court on a splendid example of compliance with the true spirit and intent of Ind. Rules of Procedure, Trial Rule 56 in setting forth detailed findings and a comprehensive statement of the law upon which it granted summary judgment. Unfortunately, we disagree with its conclusions of law and judgment.

3. IC 20–8.1–6.1–11 (Burns Code Ed., Supp. 1980). "Administration and enforcement of rules.—Provisions to implement this chapter [20–8.1–6.1–1—20–8.1–6.1–11], including but not limited to the calculation of transfer tuition and the credits for state distribution, and the time in the year when requests for transfer must be filed, shall be implemented by regulation of the commission on general education. The commission shall also adopt rules for the enforcement of the payment of transfer tuition.

## ISSUE

The sole issue presented for our review is whether or not the trial court correctly held as a matter of law that IC 20–8.1–6.1–11 mandates the Commission to promulgate regulations further defining the transfer standards set out by the legislature in IC 20–8.1–6.1–2.

## DISCUSSION AND DECISION

Commission argues that the court erred in finding as a matter of law that no ascertainable standards existed for the Commission's decision to grant transfer, pointing to the four statutory criteria set out at IC 20–8.1–6.1–11. School, of course, argues the opposite. Both parties cite *Commission v. School, supra*, as support for their positions.

■ In the first *Commission v. School* case, this court was faced with this issue in a slightly different form. There the question was whether, in the absence of regulations promulgated by the Commission, those standards set forth in IC 20–8.1–6.1–2 for determining "if the student may be better accommodated in the public schools of the transferee corporation" were exclusive. The court held that they were unless or until the Commission promulgated further regulations regarding student transfers pursuant to IC 20–8.1–6.1–11. Thus, although the court did not directly address the question at issue here, implicit in its holding that the four statutory criteria of (1) travel time, (2) transportation, (3) crowded conditions, and (4) curriculum offerings were ascertainable standards binding upon the Commission and court unless the Commission made other regulations is the position that IC 20–8.1–6.1–11 does not require that further regulations be promulgated as a matter of law. Therefore, we hold that the use of "shall" in the statute

mandates the Commission to promulgate rules and regulations to implement this chapter only in those areas, such as tuition charges, where the statute is silent. Where certain clearly ascertainable standards[4] have been set forth by the legislature, further regulations by the Commission are discretionary. Such an interpretation clearly comports with legislative intent to permit transfers in a liberal fashion. *See, United States v. Board of School Commissioners*, (S.D. Ind.1978) 456 F.Supp. 183; *see also, United States v. Board of School Commissioners*, (7th Cir. 1976) 541 F.2d 1211 (Tone, J., dissenting), *cert. granted, vacated, and remanded* 429 U.S. 1068, 97 S.Ct. 801, 50 L.Ed.2d 786 (1977); *State ex rel. Smitherman v. Davis*, (1958) 238 Ind. 563, 151 N.E.2d 495.

■ The trial court correctly found that in reviewing the Commission's decision it may not try the case *de novo*, but must affirm the agency unless it finds the determination is contrary to the applicable law or is not supported by sufficient evidence or the agency has acted beyond the scope of its powers. In reviewing a summary judgment granted solely upon a question of law, this court stands in the shoes of the trial court. *Moll v. South Central Solar Systems, Inc.*, (1981) Ind.App., 419 N.E.2d 154. In the absence of further regulations by the Commission, it is the trial court's responsibility to review "the 'better accommodation' decisions of the Commission solely according to the four criteria set forth in Ind. Code 20–8.1–6.1–2." *Commission v. School, supra*, 410 N.E.2d at 1362. If upon review of each transfer granted by the Commission the court finds insufficient evidence to support the Commission's finding that the student would be better accommodated in another school because of "curriculum offer-

This enforcement may include, but is not limited to, the withholding of state support from the transferor corporation for the benefit of the transferee corporation, the charging of interest, penalties for late payment, and the costs of collection. [IC 20–8.1–6.1–11, as added by Acts 1976, P.L. 101, § 10, p. 437.]"

4. Our supreme court in *State ex rel. Smitherman v. Davis*, (1958) 238 Ind. 563, 151 N.E.2d 495 at 498, spoke of "the clearly expressed criteria of the statute" in referring to basically the same criteria set forth in § 28–3701, Burns' 1948 Repl., Acts 1932 (Spec. Sess.), ch. 49, § 1, p. 190, the statute which preceded IC 20–8.1–6.1–2.

ings important to the vocational or academic aspirations of the student" or because of any other or combination of criteria enumerated by the statute, the court has the duty to reverse the Commission's determination. While we appreciate the dilemma a court faces when confronted with reviews of mass student transfers during the time of turmoil in the specific public school system involved here, a court must decline to become embroiled in the fray. If the Commission erred in granting transfer in each individual case, the court may so find. Where, as here, however, the statute is clear on its face and the basic criteria set forth are readily understood by both the lay and legal world alike, it would be unjust to permit summary judgment that such standards are not readily ascertainable to stand.

Because we find that the trial court erroneously interpreted the law in this case and that the School, therefore, was not entitled to summary judgment as a matter of law, we reverse.

Judgment reversed.

NEAL, P. J. and ROBERTSON, J., concur.