James R. **HARRINGTON** and Suzanne Harrington, Petitioners,

v.

**STATE BOARD OF TAX COMMISSIONERS,**
Respondent.

No. 64T05–8705–SC–00021.

Tax Court of Indiana.

June 28, 1988.

Barbara A. Young, Hoeppner, Wagner and Evans, Valparaiso, for petitioners.

Linley E. Pearson, Atty. Gen., by Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The petitioners, James and Susan Harrington, appeal the final determination of the respondent State Board of Tax Commissioners. The Harringtons challenged the Porter County Board of Review determination of the value of land and improvements for 1983. The State Board partially sustained the challenge; this appeal followed.

The Harringtons purchased .114 acres abutting the Little Calumet River (Burns Ditch) in Portage Township, Porter County, Indiana, in 1978. The property consisted of ten boat slips with electrical and water hook-ups, a concrete dock, retaining wall, and sidewalks. The Harringtons operated a docking facility for recreational boats. The property had an assessed value of $280 for land and zero for improvements. Shortly after the Harringtons acquired the property, they installed a utility shed.

In 1981, the facility suffered extreme damage from flooding. The Harringtons restored the facility to its prior condition and added two boat slips. In 1983, the property was reassessed. On appeal, the State Board determined that the land had an assessed value of $570 and that the improvements, namely the shed and the concrete dock, had an assessed value of $5,200.

The Harringtons raise several issues which the court restates as follows: 1) did the State Board act arbitrarily and capriciously in determining the assessed value of the Harrington's improvements; 2) was the State Board's assessment of the land supported by substantial evidence.

The Harringtons contend that their property has not been assessed in a manner consistent with similar property in the taxing district. The State Board contends that the assessment was made in accordance with Regulation 17, Real Property Appraisal Manual, 50 IAC 2–1–1 *et seq.*, and is therefore proper.

The State Board is charged with the duty of seeing that property is assessed for tax purposes and that taxes are assessed and collected. IC 6–1.1–30–14. To implement this duty, the State Board is authorized to promulgate rules and regulations concerning the assessment of property. IC 6–1.1–31–1.

50 IAC 2–5 governs the valuation of commercial and industrial properties. 50 IAC 2–5–2 lists various commercial and industrial improvements and the proper sub-schedules to be used. Under "marinas," three categories of improvements are listed: boat sales and service, boat garages or storage, and dock facilities. Improvements which come under the category of dock facilities are to be valued in accordance with Schedule G, 50 IAC 2–5–4, at 176. The only part of Schedule G applicable to the Harrington's property is the first section, which provides:

Small Boat Marina, per sf. . . . . . . . . 8
 Typical installation, per slip . .1600
 High Cost installation, per. .2400
 slip

*Id.*

The hearing officer testified that the true cash value of the dock was $15,100. He arrived at this figure by multiplying the "small boat marina" rate of $8 by the size of the concrete dock, which measured 1890 square feet. The true cash value of the dock was added to the value of the shed, which is not in dispute here, for a total cash value of improvements of $15,600, and an assessed value of $5,200. The twelve boat slips were not separately valued or assessed.

The Harringtons introduced evidence of the assessments of six other docking facilities in Portage Township. With respect to the valuation and assessment of boat slips, two of the other marinas were not assessed at all for any boat slips, two were assessed at $100 per slip, one was assessed at $50 per slip, and one was assessed at $8 per square foot.[1]

Nothing in the regulation indicates whether the $8 cost for a "small boat mari-na" is to be applied to the square footage of a dock or to the square footage of the slips. Nothing in the regulation indicates whether the $8 cost is in addition to, or an alternative to, the value of the slips at $1600 per typical installation and $2400 per high cost installation. The regulation does not indicate how to determine what is typical and what is high cost installation. Moreover, the court is at a loss to find any authority for the properties assessed at a $50 or $100 value per slip.

The assessment of the improvements here is flawed in two respects. First, the assessment of the Harrington's boat slips is not consistent with similar property of the same classification. The State Board cannot dismiss the evidentiary value of the other inconsistent assessments by explaining that they were not made by the State Board. The constitutional requirement of uniform and equal taxation requires that the assessments be consistent with similar property of the same classification. IND. CONST. art. X, § 1. *See Indiana State Bd. of Tax Comm'rs v. Lyon & Greenleaf Co.* (1977), 172 Ind.App. 272, 359 N.E.2d 931.

Second, the assessment of docking facilities has not been based on ascertainable standards.

In order to satisfy due process, an administrative decision must be in accord with previously stated, ascertainable standards. This requirement is to make certain that administrative decisions are fair, orderly and consistent rather than irrational and arbitrary. The standards should be written with sufficient precision to give fair warning as to what the agency will consider in making its decision. And finally, the standards should be readily available to those having potential contact with the administrative body.

*Podgor v. Indiana Univ.* (1978), 178 Ind. App. 245, 381 N.E.2d 1274, 1283 (citations omitted).

---

1. Neither has the State Board argued nor does it appear that these six other facilities were assessed as boat sales and service or boat garages or storage.

Given the unexplained variations in assessments, the State Board has failed to assure that improvements of docking facilities are assessed in an orderly, consistent, and fair manner.

Ascertainable standards are also necessary to "provide the courts with the tools necessary for effective judicial review." *Comm'n on General Educ. v. Union Township School* (1980), Ind.App., 410 N.E.2d 1358, 1361. The court cannot effectively review an assessment made by the State Board as to whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law if the State Board and local assessors are free to assign seemingly random values to the improvements of docking facilities. *See id.* at 1362. Given the vagueness of Schedule G and the lack of any coherent explanation by the State Board, the court is compelled to find that the State Board's assessment of the Harrington's dock is arbitrary and capricious.

■ With respect to the State Board's valuation and assessment of the Harrington's land, the Harringtons contend that the assessment is not consistent with similar properties of the same classification and that the value of all improvements, except the shed, was included in the valuation of the land. The State Board contends that the value of the land was properly set by the Porter County Land Commission and that the value of all improvements, except the shed and the concrete dock, was included in the valuation of the land.

The evidence shows that the hearing officer valued the land by multiplying a base rate of $15,000 per acre, as set by the Porter County Land Commission, by .114 acres for a true cash value of $1710, or an assessed value of $570. Whether the value of the dock was included in the land value by the Land Commission is entirely open to speculation as neither party introduced any evidence of how the Commission arrived at that figure. The State Board insists that 50 IAC 2–1–6 defines docks as improvements, which are to be assessed separately and which are not included in the value of the land. The stated purpose of 50 IAC

2–1–6 is to distinguish between real and personal property. 50 IAC 2–1–6 provides, in pertinent part:

If the unit [of machinery, equipment, or structure] is directly used for manufacture or a process of manufacture, it is to be considered as Personal Property. If the unit is a land or building improvement, it is to be considered as Real Estate.

Land Improvement—Real.

Retaining walls, piling and mats for general improvement of site, private roads, walks, paved areas, culverts, bridges, viaducts, subways and tunnels, fencing, reservoirs, dikes, dams, ditches, canals and drainage.

Fixed river, lake or tidewater wharves and docks.

The Harrington's property also contained a retaining wall and a sidewalk; these structures, although listed in 50 IAC 2–1–6, were not separately assessed as improvements.

The comment to Schedule G in 50 IAC 2–5–2 must be considered as well. It provides, in part, that "[o]nly those yard improvements which add value to the property and which are not included in land improvements are to be included in the replacement cost estimate [of commercial improvements]." *Id.* Read together, the regulations do not indicate whether docks are always included in the value of land or separately assessed.

The land values of the six other marinas are far from uniform. Two of properties have land valued at $5000 per acre, one has land valued at $15,000 per acre, one has a land value which cannot be determined, one has land valued at $55 per frontage foot, and one has some land valued at $15,000 per acre and some land valued at $55 per frontage foot. The property cards of other properties provide no clue as to what is included in the land value. Without any authoritative explanation of what is included in the land and without any justification for the varied and inconsistent land values of the other marinas, the court concludes that the State Board's assessment with the

respect to the Harrington's land is not supported by substantial evidence.

In conclusion, the court finds that the determination of the State Board must be reversed and remanded. The State Board's determination of the value of the concrete dock is arbitrary and capricious because it is inconsistent with assessments of like property of the same classification and because its valuation cannot be reconciled with any ascertainable standards set by the State Board. The State Board's determination of the value of the land is not supported by substantial evidence because the court is unable to determine from the record whether the value of the dock has already been included in the value of the land. If so, it must not be separately assessed. While the court is mindful of the enormous burden born by the State Board in the valuation and assessment of all the property in Indiana, it must, along with the State Board, heed the requirement of uniform and equal taxation as provided in the Indiana Constitution.

Accordingly, the assessment is reversed and remanded to the State Board for further action consistent with this opinion.