Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



APPELLANT *PRO SE*:

**ALVINO PIZANO**
Hobart, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALVINO PIZANO, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 33A04-1402-MI-85 |
| | ) | |
| INDIANA ATTORNEY GENERAL | ) | |
| GREGORY ZOELLER, et al., | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit Dean Crane, Judge
Cause No. 33C02-1211-MI-138

**July 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

In 2007, Appellant-Petitioner Alvino Pizano was convicted of Class B felony child molesting and Class D felony neglect of a dependent. He was sentenced to an aggregate term of ten years of incarceration in the Department of Correction ("DOC"). On November 20, 2012, Pizano filed an action against Appellees-Respondents Indiana Attorney General Gregory Zoeller, DOC Commissioner Bruce Lemmons, DOC Director of Education John Nally, and NCCF[1] Superintendent Keith Butts (collectively, the "State") claiming that he was entitled to credit time for earning a bachelor's degree from Ball State University while incarcerated. On February 7, 2014, the trial court determined that Pizano had been awarded the credit time to which he was entitled for earning his bachelor's degree and dismissed Pizano's action as moot. On appeal, Pizano contends that the trial court erred in dismissing his action. We affirm.

**FACTS AND PROCEDURAL HISTORY**

In 2007, Pizano was convicted of Class B felony child molesting and Class D felony neglect of a dependent. *Pizano v. Zoeller, et al.*, 33A01-1302-MI-65 *1 (Ind. Ct. App. May 31, 2013) ("*Pizano I*"). On April 27, 2007, he was sentenced to an aggregate term of ten years. *Id*. Pizano was released to parole on May 26, 2010. *Id*. In April of 2012, the State issued a notice of parole violation. *Id*. Pizano was returned to the DOC on May 29, 2012. *Id*.

On November 20, 2012, Pizano filed a document entitled "Petition for Writ of Habeas

---

[1] While not clear from the record, it appears that NCCF refers to the New Castle Correctional Facility. *See* http://www.in.gov/idoc/2406.htm (last visited June 30, 2014).

Corpus Relief" with the trial court.[2] Appellant's App. p. 6. In this document, Pizano asserted that the State had erroneously denied him credit time after he earned a bachelor's degree from Ball State University. *Pizano I*, 33A01-1302-MI-65 *3. The trial court summarily denied Pizano's request for relief. *Id*. at *1. Pizano appealed. On appeal, this court concluded that the trial court erred in summarily denying Pizano's request for relief, finding that a genuine issue of material fact remained as to whether Pizano met his burden of proving that he had earned a bachelor's degree during his period of incarceration. *Id*. at *3. This court remanded the matter to the trial court for a hearing on whether Pizano had proved that he earned the degree in question. *Id*.

On January 16, 2014, Pizano submitted documents to the trial court in support of his request for relief.[3] The trial court scheduled a hearing on Pizano's request for February 10, 2014. On February 6, 2014, in preparation for the hearing, the DOC reviewed the documents submitted by Pizano, determined that Pizano had provided sufficient information to demonstrate that he completed the requirements of the bachelor degree program, and awarded Pizano credit time for earning said degree. The next day, on February 7, 2014, the State filed a motion to dismiss the action, claiming that Pizano's claim was moot as he had been awarded the credit time to which he was entitled for earning his bachelor's degree.

After reviewing the State's motion, the trial court determined that Pizano had been

---

[2] As this court noted in *Pizano I*, the trial court correctly treated Pizano's filing as a petition for post-conviction relief rather than a writ for habeas corpus. *See Pizano I*, 33A01-1302-MI-65 *2 (citing *Taylor v. Finnan*, 955 N.E.2d 785, 789 (Ind. Ct. App. 2011) (citing to *Hawkins v. Jenkins*, 268 Ind. 137, 140-41, 374 N.E.2d 496, 498-99 (1978) for the proposition that when a person is not entitled to immediate release, a sentence challenge is properly considered one for post-conviction relief and not habeas corpus)).

[3] We note that our review of the instant matter is somewhat hampered by Pizano's failure to include a

3

awarded all credit time to which he was entitled and dismissed the action as moot. The trial court then vacated the order setting the February 10, 2014 hearing. This appeal follows.

## DISCUSSION AND DECISION

On appeal, Pizano contends that the trial court erred in dismissing his action seeking an award of credit time. For its part, the State argues that the trial court did not err in dismissing the action.

### I. Dismissal of an Action as Moot

The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court. When the concrete controversy at issue in a case "has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved," the case will be dismissed. *Dunn v. State* (1904), 163 Ind. 317, 321, 71 N.E. 890, 894.

While Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies, the Indiana Constitution does not contain any similar restraint. Thus, although moot cases are usually dismissed, Indiana courts have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of "great public interest." *See, e.g.*, *Indiana Educ. Employment Relations Bd. v. Mill Creek Classroom Teachers Ass'n* (1983), Ind., 456 N.E.2d 709, 711-12; *State ex rel. Smitherman v. Davis* (1958), 238 Ind. 563, 151 N.E.2d 495; *State ex rel. Gregory v. Boyd* (1909), 172 Ind. 196, 87 N.E. 140. Cases found to fall within the public interest exception typically contain issues likely to recur.

*Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991). A further exception may be applicable "where leaving the judgment undisturbed might lead to negative collateral consequences." *Roark v. Roark*, 551 N.E.2d 865, 867 (Ind. Ct. App. 1990).

Pizano does not argue on appeal that either of the above-stated exceptions are applicable to the instant matter. This matter involves issues unique to Pizano that are not

---

copy of his petition for relief as well as copies of the supporting documents in his appendix on appeal.

likely to reoccur as he is no longer incarcerated, and Pizano has not identified any potential negative collateral consequences. As such, the trial court's dismissal of the action as moot is proper if the issues raised have been disposed of in a manner so as to render further proceedings unnecessary. *See Matter of Lawrance*, 579 N.E.2d at 37.

## II. Whether Dismissal of Pizano's Action was Appropriate

It is important to note that Pizano does not challenge the amount of credit time that he was ultimately awarded for completion of his bachelor's degree. Instead, Pizano seems to argue that he should be given credit for the number of days he remained incarcerated after the initial denial of his request for credit time and that the trial court erroneously disobeyed an order from this court that it conduct a hearing on the matter. We disagree.

In claiming that the trial court erred in dismissing his action, Pizano argues that he should have had 496 days subtracted from his maximum parole release date because of the State's initial denial of his request for credit time. Pizano, however, does not cite to any relevant authority in support of this claim. Pizano has also failed to establish on appeal that the initial denial of credit time was improper. Review of the record demonstrates that Pizano filed additional exhibits relating to his request for credit time on January 16, 2014. The State reviewed these documents, determined that Pizano had met his burden of proving that he had earned his bachelor's degree, and awarded Pizano the applicable credit time within one month of Pizano's additional filing.

In light of the State's seemingly quick action after reviewing the additional documents filed by Pizano, it is reasonable to assume that the additional documents filed by Pizano

5

contained the necessary documentation proving that Pizano had earned his bachelor's degree, and that these documents were not included in the documents filed at the time of his initial request. Furthermore, because the State has awarded Pizano credit time for earning his degree and Pizano has since been released from incarceration, the trial court properly determined that the matter was moot as Pizano had been granted all possible relief.[4] The trial court did not err in vacating the scheduled hearing and dismissing the action as moot.

Pizano also argues that the trial court erred by failing to conduct a hearing in the instant matter pursuant to this court's opinion in *Pizano I*. A reading of *Pizano I* indicates that this court remanded the matter to the trial court for a hearing during which the court should determine whether Pizano had met his burden of proving that he had earned his bachelor's degree. *See Pizano I*, 33A01-1302-MI-65 *3. Because the State determined that Pizano had met this burden and accordingly awarded him credit time before the scheduled hearing, we agree with the trial court's determination that it was no longer necessary to conduct a hearing on this question.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.

---

[4] Furthermore, we note that even if it were determined that Pizano was erroneously denied credit time following his initial request, Pizano points to no authority that would support his claim that he should be entitled to financial compensation from the State as a result of the denial of credit time.